Jose D. Montero TORRES,
Plaintiff, Appellant,

v.

UNITED STATES of America,
Defendant, Appellee.

No. 79–1530.

United States Court of Appeals,
First Circuit.

Argued Feb. 5, 1980.
Decided May 19, 1980.

Jose E. Fernandez Sein, Rio Piedras, P. R., with whom Harvey B. Nachman, Santurce, P. R., was on brief, for plaintiff, appellant.

Susan A. Ehrlich, Washington, D. C., with whom Alice Daniel, Asst. Atty. Gen., Washington, D. C., Jose A. Quiles, U. S. Atty., San Juan, P. R., Leonard Schaitman and Wendy M. Keats, Attys., Civ. Div., Dept. of Justice, Washington, D. C., were on brief, for defendant, appellee.

Before COFFIN, Chief Judge, WISDOM, Senior Circuit Judge,* and CAMPBELL, Circuit Judge.

COFFIN, Chief Judge.

This appeal is from the dismissal of appellant's action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (1976). The complaint alleges certain acts of negligence by the United States Army pertaining to the classification of appellant's discharge from service. The chief issue presented on this appeal is whether the doctrine of *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), bars appellant's action.

For purposes of this appeal, the facts set forth in the complaint are taken as true. Appellant was discharged from the Army on January 5, 1978. Due to certain psychological and character problems, appellant was originally scheduled for discharge on grounds of "unsuitability". Such a discharge is classified as honorable. Due to an apparent last minute error, appellant's discharge was reclassified as an "Administrative Discharge" for "conduct triable by court-martial". Such a discharge is considered as "under other than honorable conditions". Appellant discovered this error at the time of his discharge and shortly thereafter protested to no immediate avail.

As a result of the erroneous classification of his discharge, appellant found himself ineligible for certain job placement and unemployment benefits. He was also ineligible for medical and other benefits administered by the Veterans Administration.

On August 24, 1978, the Army admitted and corrected its administrative error, reclassifying appellant's discharge as honorable *nunc pro tunc.* As of the date of the complaint, the Army had not directly notified the Veterans Administration of its error, although it did issue to appellant a new discharge certificate and explanatory letter. Appellant claims that he is still being denied treatment and other benefits by the Veterans Administration. He asserts that as a result of the Army's actions he has suffered, in addition to the loss of benefits, severe emotional damage resulting in a complete, psychiatric depression accompanied by drug and alcohol abuse, and he requests damages totalling $250,000.

I.

The gravamen of appellant's complaint is his claim that the Army was negligent in classifying his discharge as other than honorable. Assuming this to be true, the district court nevertheless found the

* Of the Fifth Circuit, sitting by designation.

government immune and the suit barred under the *Feres* doctrine.

In *Feres* the Supreme Court held that the estate of a soldier killed in a barracks fire allegedly caused by Army negligence could not maintain an action against the United States.[1] "[T]he Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. *See also United States v. Brown*, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954) (adhering "to the line drawn . . between injuries that did and injuries that did not arise out of or in the course of military duty").

We agree with the district court in this case that appellant's alleged injuries "arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. The preparation and issuance of discharge papers occur while the individual to be discharged is "on active duty [and] subject to military discipline", *United States v. Brown, supra*, 348 U.S. at 112, 75 S.Ct. at 143. The discharge is incident to every soldier's military service and constitutes the final step in his active relationship with the Army. The discharge process itself is conducted by military personnel in the course of their military duties and involves an evaluation of the soldier's service and a classification of his status according to factors which are peculiar to the military nature of the relationship between the soldier and the government. Additionally, documents which appellant submitted with his complaint show that the Army and the Veterans Administration provide a means (albeit not the one appellant has selected) of remedying any error in the discharge classification before benefits are denied. Finally, to allow soldiers to maintain actions arising under state law for injuries allegedly stemming from discharges with which they take issue would be inconsistent with *Feres*, which rested in substantial part upon

a finding that the "distinctively federal" character of the military relationship makes inappropriate the countenancing of FTCA actions based on injuries arising out of that relationship. 340 U.S. at 145, 71 S.Ct. at 159; *Stencel Aero Engineering Corp. v. United States*, 431 U.S. 666, 671, 97 S.Ct. 2054, 2057, 52 L.Ed.2d 665 (1977).

Appellant correctly points out that *Feres* has also been explained as resting in part upon the notion that the allowance of certain FTCA actions could affect military discipline in a way that Congress did not intend. *See United States v. Brown, supra*, 348 U.S. at 112, 75 S.Ct. at 143. Were we writing on a clean slate, we might consider whether the *Feres* bar should apply only when there is in fact a danger that military discipline would be affected and whether or not this is such a case. However, we have previously held that *Feres* does apply even in the absence of a clear nexus between the injury and military discipline. *See Hall v. United States*, 451 F.2d 353 (1st Cir. 1971). *See also Woodside v. United States*, 606 F.2d 134, 141 (6th Cir. 1979). In addition, the definition of actions which implicate the discipline rationale has become so wide as to deprive it of most of its meaning and cause it to encompass even this case. *See Stencel Aero Engineering Corp. v. United States, supra* (discipline rationale implicated in a cross-claim by an airplane manufacturer alleging that defects in a plane resulting in a serviceman's injury were caused by faulty specifications provided by the government).

## II.

Appellant contends that he alleged a separate post-discharge tort and that therefore the dismissal of his action was improper. While the complaint as a whole is by no means clear in this regard, it does contain the following allegations:

"Thereafter, and more particularly, on the 24th of August, 1978, the United States of America, through the Department of the Army, admitted that it had

---

1. In two companion cases decided *sub nom. Feres* the Court also held that two other soldiers allegedly injured by Army negligence in a

military hospital could not maintain actions under the Federal Tort Claims Act.

committed an administrative error and replaced his separation order and discharge certificate *nunc pro tunc* to the 5th day of January, 1978.

"The Government, however, operating through the Department of the Army, has not notified the Veterans Administration or other federal agencies of its error and plaintiff continues to be denied his treatment and other rights at the VA center and the United States Employment Services."

 Appellant contends that these allegations adequately state a postdischarge cause of action which is not barred by *Feres.* It seems to us, however, that even aside from *Feres,* these allegations fail to state a separate cause of action that can be brought under the Federal Tort Claims Act. It is axiomatic that the failure to perform an act cannot give rise to a cause of action unless there was a legal duty to do the act. *See, e. g., Zabala Clemente v. United States,* 567 F.2d 1140 (1st Cir. 1977), *cert. denied,* 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978). Assuming that the Army had a legal duty to reclassify appellant's discharge when the error was brought to its attention, we can think of no basis for finding that the Army had a legal duty after it corrected its error to notify directly and on its own initiative[2] the Veterans Administration of its actions. Nor does appellant point to any authority or reason to support such a finding.

Appellant concedes in his complaint that the Army has corrected its error and issued a new discharge certificate (along with an explanatory letter). Why appellant or his counsel have not brought this new certificate to the attention of the Veterans Administration we cannot surmise. In any event, if he has any remaining problems that are not the result of his own inaction,

his complaint would appear to be with the Veterans Administration and not the Army.[3] Therefore, at least in the absence of any further allegations which might give additional substance to his postdischarge tort theory, we find that the dismissal of his complaint was proper.

*Affirmed.*

---

**2.** Appellant does not even allege that he asked the Army to issue any additional notification. Nor is there any indication that appellant has brought the new discharge certificate to the attention of any agency, including the Veterans Administration.

**3.** The Veterans Administration has established administrative procedures for addressing problems such as that which appellant has. *See, e. g.,* 38 C.F.R. 3.12 (1979). Appellant does not allege that he has pursued any of these remedies, nor does he assert that he has filed any claim with the Veterans Administration as required by the Federal Tort Claims Act, 28 U.S.C. § 2675(a)