Lawrence T. FATHMAN, Plaintiff,

v.

The UNITED STATES NAVY, Defendant.

Civ. No. C–1–89–288.

United States District Court, S.D. Ohio, W.D.

Oct. 31, 1989.

**1244**

Stephen Mazzei, Cincinnati, Ohio, for plaintiff.

Jan Holtzman, Cincinnati, Ohio, for defendant.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on Defendant the United States Navy's motion to dismiss the complaint pursuant to Fed.R. Civ.P. 12(b)(6) (doc. no. 6). Plaintiff has filed a memorandum in opposition to the motion (doc. no. 7) and Defendant has filed a reply (doc. no. 8) thereto.

For the reasons stated below, Defendant's motion is GRANTED.

Plaintiff Lawrence Fathman was granted an "undesirable discharge" from the United States Navy on March 19, 1954. Thirty-one years later, in 1985, the Plaintiff petitioned the Board of Corrections of Naval records (BCNR) and requested under 10 U.S.C. § 1552 that his naval record be corrected to show a more favorable type of discharge. The Plaintiff was successful and on December 4, 1986 the BCNR recommended that the Plaintiff's naval record reflecting an undesirable discharge on March 19, 1954 be corrected to show a general discharge by reason of unfitness. On December 10, 1986 the Secretary of Navy ordered that this recommendation be accepted and the Plaintiff's discharge was upgraded.

On July 4, 1988, pursuant to the Federal Tort Claims Act (FTCA), the Plaintiff filed an administrative tort claim seeking damages in the amount of $1,824,071.00, for personal injury and property damage allegedly resulting from the U.S. Navy's erroneous undesirable discharge of the plaintiff in 1954. On November 8, 1988, the Plaintiff's administrative claim was denied by the U.S. Navy.

On April 19, 1989 Plaintiff filed this action in the United States District Court for the Southern District of Ohio under the Federal Tort Claims Act. In addition, Plaintiff claims that his action is filed pursuant to 10 U.S.C. § 1552. Plaintiff alleges herein that the U.S. Navy negligently, recklessly and or intentionally erroneously gave him an undesirable discharge which directly and permanently resulted in substantial post-service vocational and psychological injury to him. Subsequently, the United States Navy moved the Court under Fed.R.Civ.P. 12(b)(6) to dismiss the claims.

A Rule 12(b)(6) motion examines whether a cognizable claim has been pleaded in the complaint. Rule 8(a) sets forth the basic federal pleading requirement that a pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). The objective of Rule 8(a)(2) is to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The standard articulated in *Jones v. Sherrill*, 827 F.2d 1102, 1103 (6th Cir. 1987) states:

> In reviewing a dismissal under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826 [105 S.Ct. 105, 83 L.Ed.2d 50] (1984). The motion to dismiss must be denied unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief. *Id.* at 158; *Conley v. Gibson*, 355 U.S. 41 [78 S.Ct. 99, 2 L.Ed.2d 80] (1957).

■ Although this standard for Rule 12(b)(6) dismissals is quite liberal, more

than bare assertions of legal conclusions are ordinarily required to satisfy federal notice pleading requirements. 5 C. Wright & A. Miller, Federal Practice & Procedure 1357 at 596 (1969). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984) (*quoting In re: Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir.1981), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); see also *Sutliff, Inc. v. Donovan Cos.*, 727 F.2d 648, 654 (7th Cir.1984). When scrutinizing the complaint, all well-pleaded facts are construed liberally in favor of the party opposing the motion. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The United States Court of Appeals for the Sixth Circuit recently stated:

"[W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir.1988); *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39 (6th Cir.1988) *quoting, O'Brien v. DiGrazia*, 544 F.2d 543, 546 n. 3 (1st Cir. 1976).

■ The United States asserts that it is immune from suit under the doctrine of *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). In *Feres*, the Supreme Court held that the estate of a soldier killed in a barracks fire allegedly caused by army negligence could not maintain an action against the United States government. The Court concluded "[t]he government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the

course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. In reviewing the *Feres* line of cases, the United States Court of Appeals for the Sixth Circuit has discerned a broadening of the Feres Doctrine to include any injury suffered by military personnel that is "even remotely related to the individual's *status* as a member of the military, without regard to the location of the event, the [civilian] status ... of the tortfeasor, or any nexus between the injury-producing event and the essential defense/combat purpose of the military activity from which it arose." *Major v. U.S.*, 835 F.2d 641, 644–45 (6th Cir.1987) (emphasis in the original). The Sixth Circuit has concluded that the Feres Doctrine effectively bars all claims for injuries taking place while one is on active duty. *Id.*

In the complaint, Plaintiff alleges injuries arising out of an unfavorable discharge. The United States Court of Appeals for the First Circuit confronted a similar fact pattern in *Torres v. United States*, 621 F.2d 30 (1st Cir.1980), where a serviceman was erroneously granted a discharge for "conduct triable by court-martial." The First Circuit reasoned that a "discharge is incident to every soldier's military service and constitutes the final step in his active relationship with the Army." *Id.* at 32. The court concluded that the injuries arose out of activity incident to service and therefore the discharge fell within the protection granted the government under the Feres Doctrine. In light of the broad immunity granted the military under the Feres Doctrine and the sound reasoning of the First Circuit in *Torres*, the defendants' motion to dismiss the claims under the FTCA is hereby GRANTED.

■ Plaintiff has also alleged that this Court has jurisdiction pursuant to 10 U.S.C. § 1552. This statute, however, fails to grant any subject matter jurisdiction to this Court to review the decisions of the BCNR or the Secretary of the Navy. Even if Plaintiff's complaint may be construed as a request for judicial review pursuant to the Administrative Procedure Act, 5 U.S.C. § 702 and 28 U.S.C. § 1331, it is clear that 5 U.S.C. § 702 only operates as a waiver of sovereign immunity in actions under Sec-

tion 1331 that do not involve money damages. *Bowen v. Massachusetts,* —— U.S. ——, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988).[1] In *Bowen,* the United States Supreme Court held that Section 702 of the Administrative Procedure Act vested a federal district court with jurisdiction to review equitable claims requesting monetary relief. *Id.* 108 S.Ct. at 2732. The Court distinguished between an action at law for damages—"which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief" which may include monies. *Id.*

Since Plaintiff is clearly seeking monetary damages and not equitable relief in his complaint, the Court lacks subject matter jurisdiction over these claims under 5 U.S.C. § 702 and the Court of Claims is vested with exclusive jurisdiction. *See,* 28 U.S.C. § 1346(a)(2) and 28 U.S.C. § 1491.

Based upon the reasons and authorities set forth above the Defendant's motion to dismiss is hereby GRANTED.

IT IS SO ORDERED.

---

1. 5 U.S.C. § 702 provides in pertinent part as follows:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States. . . .