David ASKANASE, Trustee and Fitness
Corporation of America, Plaintiffs,

v.

Tom J. FATJO, Jr., et al., Defendants.

Civ. A. No. H–91–3140.

United States District Court,
S.D. Texas,
(Houston).

May 3, 1993.

Rhett G. Campbell, Morris & Campbell, Houston, TX, for plaintiffs.

Robert L. Ketchand, Short & Ketchand, Houston, TX, Timothy R. McCormick, Thompson & Knight, Dallas, TX, Edmund Lee Haag, III, Frank G. Jones, Fulbright & Jaworski, John Wesley Wauson, Wauson & Associates, Susan J. Brandt, Pauline Ng Lee, Thelan Marrin Johnson & Bridges, Houston, TX, Richard W. McLaren, Jr., Ernst & Young, Associate Gen. Counsel, Cleveland, OH, Morton Lee Susman, Weil Gotshal & Manges, Houston, TX, Jay J. Madrid, Winstead Sechrest & Minick, Dallas, TX, Ronald J. Restrepo, Houston, TX, Albert Solochek, Andrew N. Herbach, Howard Solochek & Weber, Milwaukee, WI, Jerry P. Jones, Dallas, TX, Lucy P. Seward, Golden & Associates, Rhett G. Campbell, Morris & Campbell, Phyllis J. Cohen, Woodard Hall & Primm, Houston, TX, for all defendants/movant/counterclaimants/third-party plaintiffs.

### ORDER OF ADOPTION

HITTNER, District Judge.

The Court has reviewed the Memorandum and Recommendation of the United States Magistrate Judge signed on March 25, 1993, with respect to John Snideman's and Management Accounting, Inc.'s Motion to Dismiss the Cross-claims of Defendants and Cross-claimants Gerald M.H. Stein, Joseph J. Zilber, Z.L. Company, Inc., Zilber Ltd., J.Z. Ltd., and Zilber, Inc. (Docket Entry # 277). The Court finds the Memorandum and Recommendation should be, and the same is hereby, adopted as the Court's Memorandum and Order. Accordingly, it is

ORDERED that John Snideman's and Management Accounting, Inc.'s Motion to Dismiss Cross-claims is DENIED. It is further

ORDERED that within thirty (30) days from the date of this order that cross-claimants amend their cross-claims to include sufficient factual and legal allegations to satisfy the requirements of Fed.Rs.Civ.P. 8 and 9. It is further

ORDERED that if cross-claimants fail satisfactorily to amend their cross-claims within this time period the cross-claims will be DISMISSED.

## MEMORANDUM AND RECOMMENDATION

CRONE, United States Magistrate Judge.

Pending before the court is John Snideman's ("Snideman") and Management Accounting, Inc.'s ("MAI") Motion to Dismiss the Cross-claims of Defendants and Cross-claimants Gerald M.H. Stein, Joseph J. Zilber, Z.L. Company, Inc., Zilber Ltd., J.Z. Ltd., and Zilber, Inc. (collectively "the Stein/Zilber group") (Docket Entry # 277). After considering the motion, the response, and relevant authority, this court RECOMMENDS that the motion be DENIED but that cross-claimants be required to replead to set forth in sufficient detail the factual and legal bases for their claims. This court further RECOMMENDS that if cross-claimants fail to amend in a satisfactory manner within thirty days of the date of the district court's order of adoption, the cross-claims be DISMISSED.

### I. *Background.*

The cross-claimants and the cross-defendants are all named defendants in an action pending in the United States District Court for the Southern District of Texas brought by David Askanase ("Askanase"), the Chapter 7 Trustee of LivingWell, Inc. and its bankrupt subsidiaries, and Fitness Corporation of America ("FCA") against former insiders, officers, and directors. Plaintiffs' amended complaint names members of the Stein/Zilber group in Counts I (alleging corporate waste, mismanagement, negligence, gross negligence, constructive fraud, and breach of fiduciary duty by officers and directors), III (preferential payments made to directors while insolvent), IV (usury), V (fraudulent transfers under Texas law), VI (fraudulent transfers under Delaware law), X (recovery of dividends paid while insolvent), and XI (recovery of improper dividends). Snideman and MAI are named in Counts II (misrepresentation, negligent misrepresentation, and negligence), V (fraudulent transfers under Texas law), and VI (fraudulent transfers under Delaware law).

The Stein/Zilber group's cross-claims seek indemnity and contribution from Snideman and MAI. Without specifying the paragraphs in question, cross-claimants seek to incorporate by reference those paragraphs of the amended complaint that describe the name and capacity of Snideman and MAI. The only factual allegations made by cross-claimants in support of their indemnification claims state that they relied, in good faith, on information, reports, statements, audits, and documents supplied to them by Snideman and MAI in their roles as accountants and financial advisors of LivingWell. They offer no factual basis for their contribution claims. Cross-claimants then assert that should it be determined that they are liable for any of the damages alleged by plaintiffs, they are entitled to indemnification from Snideman and MAI. They similarly contend that in the event they are found to be jointly and/or severally liable with Snideman and/or MAI for any of the damages alleged in the amended complaint, they claim a right of contribution.

In their motion, Snideman and MAI move for dismissal of the cross-claims under Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. While styled a motion to dismiss, the main thrust of Snideman's and MAI's argument is that the cross-claims are too broad-brush, unspecific, vague, and confusing, such that they do not give movants sufficient notice of their allegedly wrongful conduct. Snideman and MAI also contend that the cross-claims fail to plead fraud with particularity as required by Fed.R.Civ.P. 9.

### II. *Analysis.*

#### A. *Standards Applicable Under Rule 12(b)(6).*

A motion to dismiss under Fed. R.Civ.P. 12(b)(6) tests only the formal sufficiency of the statements of the claims for relief. It is not a procedure for resolving contests about the facts or merits of the case. In determining the sufficiency of a challenged pleading under Rule 12(b)(6), the court must accept as true all material allegations set forth in the pleading and must construe those allegations in the light most favorable to the nonmoving party. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Garrett v. Com-*

*monwealth Mortgage Corp. of Am.,* 938 F.2d 591, 593 (5th Cir.1991). The motion must be denied unless it appears to a certainty that claimants can prove no set of facts entitling them to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992).

**B. General Pleading Requirements Under Rule 8.**

■ In this case, while state law may provide the substantive bases upon which the cross-claims for indemnity and contribution rest, the manner and details of pleading are governed by the Federal Rules of Civil Procedure. *See Eastern Refractories Co. v. Forty Eight Insulations, Inc.,* 658 F.Supp. 197, 202 (S.D.N.Y.1987); 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1204 at 84 (1990). Under Rule 8(a), a claim for indemnity and contribution must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. (8)(a)(2). *See Kirschner v. Castello,* No. 91–5985, 1992 WL 191153, at *1, 1992 U.S.Dist. LEXIS 11386, at *4 (E.D.Pa. Aug. 3, 1992). Rule 8 requires only that the pleadings in a federal action indicate that if the allegations in the pleading are established, the pleader is entitled to relief under the substantive law of the applicable jurisdiction. *Eastern Refractories,* 658 F.Supp. at 202. The rule is designed to give an opposing party "fair notice" of the claim and the grounds upon which it is based. *Conley,* 355 U.S. at 47, 78 S.Ct. at 102; *Kirschner,* 1992 WL 191153, at *1, 1992 U.S.Dist. LEXIS 11386, at *4; *Nitto Boseki Co. v. Owens–Corning Fiberglas Corp.,* 597 F.Supp. 248, 249 (D.Del.1984).

■ A pleading that contains merely bare allegations of liability, without pleading facts giving rise to this liability, does not adequately provide the opposing party with notice of the nature of the claim asserted. *Walker v. South Cent. Bell Tel. Co.,* 904 F.2d 275, 277 (5th Cir.1990); *Kirschner,* 1992 WL 191153, at *1, 1992 U.S.Dist. LEXIS 11386, at *4. Even the liberal notice pleading al-lowed by the federal rules requires a pleading to include the operative facts upon which the pleader bases his claim. *See Rodgers v. Lincoln Towing Serv., Inc.,* 771 F.2d 194, 198 (7th Cir.1985) (citing *Conley,* 355 U.S. at 47, 78 S.Ct. at 102). Although the pleading standard may be lessened somewhat for cross-claims, which derive substance from the complaint itself, cross-defendants must be able to determine upon which allegations of the complaint the cross-claimants are basing their claims for indemnity and contribution. *See Kirschner,* 1992 WL 191153, at *3, 1992 U.S.Dist. LEXIS 11386, at *6; *Argonaut Ins. Co. v. Goepfert,* No. 76 Civ. 802 (CHT) (S.D.N.Y. Feb. 1, 1976). Furthermore, a party's anticipation of future discovery cannot be used to cure a defective Rule 8(a) notification. *See Kirschner,* 1992 WL 191153, at *2, 1992 U.S.Dist. LEXIS 11386, at *6.

■ Thus, more than bare assertions of legal conclusions is required to satisfy the policy of fair notice in federal pleading. *Kirschner,* 1992 WL 191153, at *1, 1992 U.S.Dist. LEXIS 11386, at *4; *Fathman v. United States Navy,* 723 F.Supp. 1243, 1244–45 (S.D.Ohio 1989). To meet the standard of fair notice, a claim must contain "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under *some* viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); *In re Plywood Antitrust Litig.,* 655 F.2d 627, 641 (5th Cir.1981), *cert. dismissed,* 462 U.S. 1125, 103 S.Ct. 3100, 77 L.Ed.2d 1358 (1983); *Kirschner,* 1992 WL 191153, at *2, 1992 U.S.Dist. LEXIS 11386, at *5; *Fathman,* 723 F.Supp. at 1245. Accordingly, cross-claims for indemnity and contribution must state both a factual and a legal basis for the claimant's entitlement to the relief requested. *See Kirschner,* 1992 WL 191153, at *2, 1992 U.S.Dist. LEXIS 11386, at *5; *Irving v. Walker,* No. 88–C–7540, 1989 WL 152893, at *6, 1989 U.S.Dist. LEXIS 13977, at *14 (N.D.Ill. Nov. 17, 1989).

**C. Pleading Requirements Under Rule 9.**

■ Rule 9 of the Federal Rules of Civil Procedure requires that in pleadings alleging

fraud, the circumstances constituting fraud must be stated with particularity. Fed. R.Civ.P. 9(b). Therefore, claims seeking indemnity or contribution in a fraud action must conform with the pleading requirements of Rule 9(b). *Robin v. Doctors Officenters Corp.*, No. 84–C–10798, 1988 WL 136316, at *3, 1988 U.S.Dist. LEXIS 14029, at *6 (N.D.Ill. Dec. 12, 1988); *In re Olympia Brewing Co. Sec. Litig.*, 674 F.Supp. 597, 618 (N.D.Ill.1987); *In re Baldwin–United Corp. Litig.*, 122 F.R.D. 424 (S.D.N.Y.1986); *First Fed. Sav. & Loan Ass'n of Pittsburgh v. Oppenheim, Appel, Dixon & Co.*, 634 F.Supp. 1341, 1353 (S.D.N.Y.1986); *Merrill Lynch Futures, Inc. v. Morici*, No. 84 Civ. 2485–CSH, 1985 WL 1314 (S.D.N.Y. Apr. 3, 1985); *Armstrong v. McAlpin*, No. 76 Civ. 4155, 1981 WL 1665 (S.D.N.Y. July 14, 1981). The facts and circumstances constituting the fraud charged must be specifically demonstrated and cannot be presumed from vague allegations. *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir.1968). A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987). While mere conclusory allegations of fraud are insufficient, statements of the time, place and nature of the alleged fraudulent activities are sufficient. *Id.; Semegen v. Weidner*, 780 F.2d 727, 735 (9th Cir.1985). The allegations should allege the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants. *Robin*, 1988 WL 136316, at *3, 1988 U.S.Dist. LEXIS 14029, at *6 (citing *Tomera v. Galt*, 511 F.2d 504, 509 (7th Cir.1975)).

### D. *Cross-claims for Indemnity and Contribution against Snideman and MAI.*

#### 1. *Pleading Deficiencies.*

■ Applying these legal principles in the current context, it is apparent that the cross-claims asserted against Snideman and MAI are factually and legally deficient. The cross-claims of the Stein/Zilber group merely state in conclusory fashion that they are entitled to indemnity and/or contribution from Snideman and MAI. This falls far short of meeting the fair notice requirement of Rule 8. *Kirschner*, 1992 WL 191153, at *1, 1992 U.S.Dist. LEXIS 11386, at *5; *Fathman*, 723 F.Supp. at 1245. They do not approach the standard of pleading required by Rule 9. Here, the cross-claims contain no indication of the exact theory of indemnity or contribution or of the controlling state law upon which cross-claimants rely. *See Irving*, 1989 WL 152893, at *5, 1989 U.S.Dist. LEXIS 13977, at *14. Moreover, the contribution claims contain no factual allegations and the few facts alleged in support of the indemnity claims are woefully inadequate. Although the indemnity cross-claims assert that the Stein/Zilber group relied on "information, reports, statements, audits and documents supplied to them" by Snideman and MAI, they contain no indication why the furnishing of such information constitutes wrongful conduct by the cross-defendants or entitles the cross-claimants to indemnity. The cross-claims also do not allege any duty or responsibility owed by Snideman or MAI to the Stein/Zilber group which would justify their reliance. Similar factual assertions were held to be inadequate in *Kirschner*, 1992 WL 191153, at *1, 1992 U.S.Dist. LEXIS 11386, at *5. Such inadequate pleading cannot support a recovery against Snideman or MAI under either an indemnity or contribution theory.

#### 2. *Applicable State Law.*

The Stein/Zilber group's entitlement to indemnity or contribution, if properly pled, must be determined by consulting the applicable state law, which in this case appears to be either Texas or Delaware law.

##### a. *Texas Law on Indemnity and Contribution.*

■ A review of Texas law reveals that the common law doctrine of indemnity between joint tortfeasors has been abolished in Texas. *Aviation Office of Am., Inc. v. Alexander & Alexander of Texas, Inc.*, 751 S.W.2d 179, 180 (Tex.1988); *B & B Auto Supply v. Central Freight Lines, Inc.*, 603 S.W.2d 814, 817 (Tex.1980). Indemnity, therefore, is limited primarily to situations where there is a contractual or statutory

basis for indemnification. *See Aviation Office*, 751 S.W.2d at 180; *B & B Auto Supply*, 603 S.W.2d at 817. The only remaining vestiges of common law indemnity involve purely vicarious liability or the innocent product retailer scenario. *Aviation Office*, 751 S.W.2d at 180; *B & B Auto Supply*, 603 S.W.2d at 817; *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819–20 (Tex.1984).

■ Texas has four distinct contribution schemes—three based on statute and one created at common law. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 5 (Tex.1991). These schemes are set out in: (i) Tex.Civ. Prac. & Rem.Code § 32.001 *et seq.* (1986) (the original contribution statute); (ii) former Tex.Civ.Prac. & Rem.Code § 33.001 *et seq.* (1986), *amended by* Acts 1987, 70th Leg., 1st C.S., ch. 2, § 2.04 (the comparative negligence statute); (iii) Tex.Civ.Prac. & Rem. Code § 33.001 *et seq.* (1991) (the comparative responsibility statute); and (iv) *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 429 (Tex.1984) (common law contribution by comparative causation). *Stewart Title*, 822 S.W.2d at 5. All apply to situations involving joint tortfeasors, but the applicable contribution scheme is determined by the theories of liability adjudged against the joint tortfeasors. *Id.; Beech Aircraft Corp. v. Jinkins*, 739 S.W.2d 19, 20 (Tex.1987). Because the torts alleged in this case are not within the scope of former or present Tex.Civ.Prac. & Rem.Code § 33.001 *et seq.* or *Duncan*, the original contribution statute, Tex.Civ.Prac. & Rem.Code § 32.001 *et seq.*, is applicable. *See Stewart Title*, 822 S.W.2d at 6. Under this statute, a person against whom a judgment is rendered has, on payment of the judgment, a right to recover from each codefendant against whom judgment is rendered an amount determined by dividing the number of all liable defendants into the total amount of the judgment. It does not apply, however, if a right of contribution, indemnity, or recovery between defendants is provided by other statute or by common law.

b. *Delaware Law on Indemnity and Contribution.*

■ Like Texas, Delaware recognizes express contractual indemnity. *See Cumber-batch v. Board of Trustees*, 382 A.2d 1383, 1385 (Del.Super.1978). Unlike Texas, however, Delaware recognizes an implied right to indemnification. *Diamond State Tel. Co. v. University of Delaware*, 269 A.2d 52, 56–58 (Del.1970). Implied indemnification arises only when there is no written contract containing an indemnity provision. *Cumberbatch*, 382 A.2d at 1388; *Howard, Needles, Tammen & Bergendoff v. Steers, Perini & Pomeroy*, 312 A.2d 621, 624 (Del.1973). There are several legal theories of implied indemnification under Delaware law: (i) an implied contractual promise; (ii) an equitable obligation to indemnify; and (iii) indemnification under an active versus passive theory of negligence established at common law. *Cumberbatch*, 382 A.2d at 1389.

■ In Delaware, a right to contribution among joint tortfeasors exists only by virtue of statutory enactment. *Clark v. Teeven Holding Co., Inc.*, 625 A.2d 869, 877 (Del.Ch. 1992). Title 10, § 6302 of the Delaware Code provides a right of contribution among joint tortfeasors, determined either by calculating equal pro rata shares or by taking into consideration the relative degrees of fault of the tortfeasors. Del.Code.Ann. tit. 10, § 6302 (Supp.1992). *See also Clark v. Brooks*, 377 A.2d 365, 368 (Del.Super.1977), *aff'd sub nom. Blackshear v. Clark*, 391 A.2d 747 (Del. 1978).

III. *Conclusion.*

Cross-claimants in the instant case have failed to identify under which state's law they are seeking indemnity and contribution. Moreover, they have failed to specify, out of the myriad of choices, the exact provisions of that state's law governing indemnity and contribution upon which they are relying. Even in their response to the motion, where cross-claimants attempt to explain the basis for their claims, their efforts fall far short of the mark. For example, in ¶ 5 of cross-claimants' response, they cite Tex.Civ.Prac. & Rem.Code § 33.016 as supporting their claims for indemnification. Section 33.016, however, applies not to indemnity claims, but only to claims for contribution in personal injury, property damage, and wrongful death

actions. Thus, the statute cited is altogether inapplicable to the Stein/Zilber group's cross-claims for indemnity and contribution against Snideman and MAI. Cross-claimants' factual allegations do not fare any better, as they are either non-existent or without operative effect. Cross-claimants' efforts at incorporation by reference do not cure the defective pleadings at issue here, as they refer only to unidentified paragraphs of the amended complaint setting forth the name and capacity of Snideman and MAI. *See Kirschner*, 1992 WL 191153, at *2, 1992 U.S.Dist. LEXIS 11386, at *6.

While the allegations of the cross-claims are procedurally deficient in that they fail to meet the basic requirements of Fed.Rs.Civ.P. 8 and 9, this court cannot say that the pleadings on their face reveal beyond a doubt that the cross-claimants can prove no set of facts that would entitle them to relief. *See Hishon*, 467 U.S. at 73, 104 S.Ct. at 2232; *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir.1988); *First Fed. Sav. & Loan Ass'n of Pittsburgh*, 634 F.Supp. at 1353. Therefore, dismissal under Rule 12(b)(6) is inappropriate at this juncture. Instead, cross-claimants should be given an opportunity to amend to rectify the deficiencies. *See Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir.1985); *Ross v. A.H. Robins Co.*, 607 F.2d 545, 559 (2d Cir.1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980); *Kirschner*, 1992 WL 191153, at *4, 1992 U.S.Dist. LEXIS 11386, at *9; *Merrill Lynch Futures, Inc. v. Morici*, No. 84 Civ. 2485–CSH (S.D.N.Y. Apr. 3, 1985); *Argonaut Ins. Co. v. Goepfert*, No. 76 Civ. 802 (CHT) (S.D.N.Y. Feb. 1, 1976).

Accordingly, this court RECOMMENDS that Snideman and MAI's motion to dismiss be DENIED and that cross-claimants be required to amend their cross-claims, within thirty days of the date of the district court's order of adoption, to include sufficient factual and legal allegations to satisfy the requirements of Fed.Rs.Civ.P. 8 and 9, as applicable. This court further RECOMMENDS that if cross-claimants fail satisfactorily to amend their cross-claims within the thirty-day period, that the cross-claims be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties. Under Fed.R.Civ.P. 72, the parties have ten days from receipt to file specific, written objections to the Memorandum and Recommendation. Failure to file written objections bars an attack on the factual findings on appeal. The original of any written objections must be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208. Copies of the objections must be mailed to opposing parties and to the chambers of the magistrate judge, P.O. Box 610070, Houston, Texas 77208.

SIGNED in Houston, Texas on this the 25th day of March, 1993.