William P. GREENE, Plaintiff

v.

UNITED STATES ARMY RESERVE,
et al., Defendants

No. CIV.A.3:00 CV 2480 C.

United States District Court,
D. Connecticut.

Sept. 26, 2002.

William P. Greene, Cheshire, CT, Pro
se.

Lauren M. Nash, U.S. Attorney's Office,
New Haven, CT, for Defendants.

### RULING

DRONEY, District Judge.

The plaintiff, William Greene, filed this *pro se* action against the defendants, the United States Army Reserve, the Department of the Army, and the Department of the Army Board for Correction of Military Records, in connection with his honorable discharge from the United States Army Reserve. The plaintiff seeks damages and several forms of injunctive relief, including reinstatement as an officer in the United States Army Reserve with back pay.

The defendant has filed a motion to dismiss, or in the alternative, motion for summary judgment [Doc. # 9]. The de-

fendant argues for dismissal of the plaintiff's complaint on the basis of lack of subject matter jurisdiction and failure to state a claim on which relief may be granted and, in the alternative, moves for summary judgment on the basis that the plaintiff has failed to create a genuine issue of material fact.

The motion to dismiss is GRANTED, as the Court finds that it lacks subject matter jurisdiction over the plaintiff's complaint.[1]

## I. Facts [2]

The plaintiff was appointed as a Reserve Commissioned Officer in the United States Army in 1988. In July 1993, the plaintiff failed to attend scheduled "Annual Training" activities without obtaining proper leave. As a result, he was issued a letter of reprimand and his military records were "flagged" so that he was ineligible to receive favorable actions, such as awards or promotions.[3] In October 1993, the plaintiff's commanding officer, Captain Michael Schwed, requested that the Army involuntarily separate the plaintiff from the Army, citing performance deficiencies, including his absence from the training in July of that year. In June 1995, an administrative hearing was held before a board of United States Army Reserve officers regarding the plaintiff's separation from the Army, and following the hearing, the board recommended that the plaintiff be honorably discharged from the Army. In February 1996, the Commander of the United States Army Reserve approved the board's findings and, in September 1996, the plaintiff was honorably discharged from the United States Army Reserve. The plaintiff filed suit in federal court, which was dismissed

on the basis of failure to exhaust administrative remedies by failing to file an appeal with the Army Board for the Correction of Military Records. The plaintiff subsequently filed an appeal, which the Board denied, and the plaintiff filed the instant complaint.

In his complaint, the plaintiff seeks reinstatement in the Army, back pay with applicable government interest, student loan repayment, promotion to the rank of CPT/03 with a guarantee for promotion to the rank of 0–4 through 0–6 upon meeting the applicable requirements, removal of all disciplinary records from his military personnel file, reinstatement of his security clearance, a company commander slot, opportunity to attend the military intelligence advanced course, opportunity to perform other active duty tours of his choosing, opportunity to perform a four-year Active Guard and Reserve tour with the unit of his choice, punitive damages of ten million dollars, and a criminal investigation and prosecution for the offenses committed by the Army regarding the administrative processing of his case.

As noted above, the defendants have filed a motion to dismiss, or in the alternative, motion for summary judgment.

## II. Motion to Dismiss Standard

■ When considering a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "a district court must look to the way the complaint is drawn to see if it claims a right to recover under the laws of the United States."*IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1055

---

**1.** Accordingly, the Court declines to reach the defendants' remaining arguments.

**2.** The facts are taken from the plaintiff's complaint and the administrative record. *See Cortec Industries, Inc. v. Sum Holding L.P,* 949 F.2d 42, 48 (2d Cir.1991) (court can

consider administrative materials if those materials serve as the basis for the plaintiff's claim).

**3.** In August 1995, this "flag" was removed and the plaintiff received a promotion.

(2d Cir.1993) (quoting *Goldman v. Gallant Secs. Inc.*, 878 F.2d 71, 73 (2d Cir.1989)), *cert. denied*, 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994). In doing so, the allegations of the complaint are construed in the plaintiff's favor. *See Connell v. Signoracci*, 153 F.3d 74 (2d Cir.1998); *Atlantic Mut. Ins. Co. v. Balfour Maclaine Intern. Ltd*, 968 F.2d 196, 198 (2d Cir.1992). A district court, however, need not confine its evaluation of subject matter jurisdiction to the face of the pleadings and may consider affidavits and other evidence submitted by the parties. *See Land v. Dollar*, 330 U.S. 731, 735 & n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Exchange Nat'l Bank v. Touche Ross & Co.*, 544 F.2d 1126, 1130–31 (2d Cir.1976); *Matos v. United States Dep't of Hous. & Urban Dev.*, 995 F.Supp. 48, 49 (D.Conn.1997). Once the question of subject matter jurisdiction has been raised, the burden of establishing subject matter jurisdiction rests on the party asserting jurisdiction. *See Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942).

## III. Discussion

■ Judicial review of military record corrections board decisions is available in federal district court pursuant to 10 U.S.C. § 1552(b) and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 *et seq.*[4] *See* 10 U.S.C. § 1552(b); *Chappell v. Wallace*, 462 U.S. 296, 303, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983); *Blassingame v. Secretary of the Navy*, 811 F.2d 65, 69 (2d Cir.1987). However, federal courts lack the authority to consider and grant relief against the United States absent explicit congressional consent to waive sovereign immunity. *See e.g., United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Though the plaintiff has not explicitly stated in his complaint a basis for a waiver of sovereign immunity, the Court will examine three possible bases for such a waiver.[5] The APA provides for a general waiver of sovereign immunity as to claims against such agencies for equitable relief, *see* 5 U.S.C. § 702 (waiving sovereign immunity of United states for "[a]n action in a court of the United States seeking relief other than monetary damages"): *Presidential Gardens Assocs. v. United States*, 175 F.3d 132, 143 (2d Cir.1999) (citing 5 U.S.C. § 702). The Tucker Act, 28 U.S.C. § 1346(a)(2) and § 1491, provides a limited waiver of sovereign immunity for non-tort damages claims against the United States founded upon federal constitutional or statutory authority. *See* 28 U.S.C. § 1491; *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed.Cir.1983) ("It is settled law that claims for military pay and allowances are actionable under the Tucker Act."). As well, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, allows for a waiver of the United States' immunity for tort claims against a federal employee acting within the scope of his employment.

■ Read liberally, the plaintiff's complaint sets forth both tort and non-tort claims and seeks both equitable and monetary relief. As to the plaintiff's non-tort monetary claims, although the plaintiff has not quantified the relief he seeks with

---

4. The APA provides for judicial review of "agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

5. In light of the plaintiff's *pro se* status, the Court will construe his complaint liberally, "applying less stringent standards than when a plaintiff is represented by counsel," *Robles v. Coughlin*, 725 F.2d 12 (2d Cir.1983) and will dismiss only if it is "beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

regard to his claims for reinstatement, back pay with interest, full active duty pay and allowances from 1993 to the present date, and student loan repayment, it is highly likely that such relief translates into monetary damages of over $10,000. Claims for monetary damages in excess of $10,000 under the Tucker Act must be brought in the Court of Federal Claims. *See* 28 U.S.C. §§ 1346(a)(2) and 1491. As the plaintiff has not waived his right to monetary relief in excess of $10,000, the Tucker Act does not provide for the United States' sovereign immunity from suit in this Court as to the plaintiff's non-tort monetary claims.[6] *See Crawford v. Cushman,* 531 F.2d 1114, 1126 n. 17 (2d Cir. 1976) (citing *Carter v. Seamans,* 411 F.2d 767 (5th Cir.1969)); *Ayala v. United States,* 624 F.Supp. 259, 261–62 (S.D.N.Y. 1985).

 To the extent the plaintiff's complaint sets forth tort claims under the FTCA, the plaintiff is barred from bringing tort claims under the FTCA for injuries arising out of the course of activity incident to military service. *See Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, (1950); *Taber v. Maine,* 67 F.3d 1029 (2d Cir.1995). In *Feres,* involving a soldier killed in a barracks fire allegedly caused by army negligence, the Supreme Court held that "[t]he government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service."340 U.S. at

146. Courts have interpreted this holding to preclude tort claims against the government that regard a plaintiff's military discharge. *See e.g., Torres v. United States,* 621 F.2d 30, 32 (1st Cir.1980) (reasoning that "discharge is incident to every soldier's military service and constitutes the final step in his active relationship with the Army," and therefore the discharge fell within the protection granted the government under the *Feres* doctrine); *Fathman v. U.S. Navy,* 723 F.Supp. 1243 (S.D.Ohio 1989). Accordingly, to the extent the plaintiff is seeking relief under the FTCA, that relief is barred by the *Feres* doctrine. Thus, the FTCA does not establish a waiver of the United States' immunity as to the plaintiff's tort claims.

In sum, this Court lacks subject matter jurisdiction over the plaintiff's complaint.[7] Accordingly, the defendants' motion to dismiss [Doc. # 9] is GRANTED. This dismissal, however, is without prejudice to the plaintiff filing suit in the Court of Federal Claims, or amending his complaint to seek relief consistent with this Court's jurisdiction. If the plaintiff seeks to amend his complaint, he may file a motion to re-open the case with a proposed amended complaint attached thereto.

The Clerk is directed to close the case.

---

**6.** The APA provides for a waiver of sovereign immunity as to the plaintiff's non-tort claims for equitable relief. *See Blassingame,* 811 F.2d at 69; *Roetenberg v. Secretary of the Air Force,* 73 F.Supp.2d 631, 635 (E.D.Va.1999). However, as the Court finds such claims to be collateral to the plaintiff's claims for monetary damages, the Court does not find it appropriate to exercise jurisdiction over such claims. *See Carter,* 411 F.2d at 774–75; *but see James v. Caldera,* 159 F.3d 573, 580 (Fed.

Cir.1998) (remanding transfer to Court of Federal Claims where petitioner made both equitable and damages claims).

**7.** The Court has also considered the cases identified by the plaintiff in his opposition to the defendants' motion to dismiss. The Court concludes that such cases, which all involve habeas or mandamus petitions, do not establish this Court's jurisdiction over the instant complaint.