Gwendolyn **GALLOWAY**

v.

**MATAGORDA COUNTY, TEXAS, and Matagorda County Sheriff's Department.**

**No. Civ.A. G–98–443.**

United States District Court,
S.D. Texas,
Galveston Division.

Feb. 17, 1999.

David A. Jameson, Galveston, TX, for David Jameson, mediator.

Randall B. Pyles, Burgess & Pyles, Plainview, TX, for Gwendolyn Galloway, plaintiff.

Rebecca A. Schlosser, Magenheim Bateman et al., Houston, TX, William Scott Helfand, Magenheim Bateman Robinson, Houston, TX, for Matagorda County, Texas, defendant.

## *ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED*

KENT, District Judge.

Plaintiff in this case, a former officer with the Matagorda County Sheriff's Department, alleges that she was subjected to sexual harassment from a fellow officer and supervisor and that officials with the department received notice yet allowed the harassment to continue. Plaintiff filed this action asserting claims of sexual harassment and unlawful retaliation under Title VII, 42 U.S.C. §§ 2000e–2(a)(1) and 2000e–3(a). Now before the Court is Defendant's Motion for Dismissal for Failure to State a Claim under Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, Defendant's Motion is **DENIED**.

## *I. FACTUAL SUMMARY*

Between 1994 and 1996, Plaintiff served in the Matagorda County Sheriff's Department as a detention sergeant. During that time, Plaintiff allegedly suffered several instances of sexual harassment at the hands of a fellow officer, Sgt. Howard Jordan. Sgt. Jordan made several overtly sexual comments to Plaintiff while he was serving as her colleague within the department. Eventually, Plaintiff reported his conduct to their superiors. However, the department took no action with respect to Sgt. Jordan, and in November 1995, he was promoted to the rank of administrative sergeant with direct authority over Plaintiff.

Sgt. Jordan's harassing conduct allegedly continued after his promotion. Again, Plaintiff reported his conduct, but again, no action was taken against him. Beginning in May 1996, Plaintiff alleges, Sgt. Jordan repeatedly denied Plaintiff's requests for days off, denied her a female matron on her shift, and continually placed different people on her shift so that she would have to keep retraining new personnel. Ultimately, after suffering physical effects from the stress caused by the harassment, Plaintiff alleges that she felt she had no choice but to resign. On September 20, 1996, she did so. Plaintiff filed suit in this Court on August 28, 1998, alleging claims of sexual harassment and retaliation.

## *II. ANALYSIS*

When considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994). The United States Court of Appeals for the Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate

only in rare circumstances. *Mahone v. Addicks Util. Dist. Of Harris County,* 836 F.2d 921, 926 (5th Cir.1988).

In this case, Plaintiff asserts two legal theories as bases for her cause of action of sexual discrimination under Title VII, 42 U.S.C. §§ 2000e–2(a)(1) and 2000e–3(a). First, she alleges that Sgt. Jordan's sexually harassing conduct, both as a co-worker and later as a supervisor, created a hostile working environment and ultimately resulted in her constructive discharge. Second, she alleges that after she complained of Sgt. Jordan's discriminatory conduct, she was the victim of unlawful retaliation at the hands of the Sheriff's Department. The Court will address each of these two theories in turn.

### 1) *Hostile Environment and Constructive Discharge*

■ Under Title VII, it is unlawful for any employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to ... compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). For sexual harassment to be actionable under Title VII because of a hostile working environment, it must be so "severe and pervasive" as to "alter the conditions of [the victim's] employment and create an abusive working environment." *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986) (*quoted in Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 2283, 141 L.Ed.2d 662 (1998)); *see also Oncale v. Sundowner Offshore Servs. Inc.,* 523 U.S. 75, ——, 118 S.Ct. 998, 1002–03, 140 L.Ed.2d 201 (1998). In support of a hostile environment sexual harassment claim, an employee must show that he or she belongs to a protected group and was subjected to unwelcome sexual harassment, that the harassment complained of was based upon sex, and that the harassment complained of affected a term, condition, or privilege of employment, that is, that the harassment was so pervasive or severe as to alter the conditions of employment and create an abusive working environment. *See*

*Farpella–Crosby v. Horizon Health Care,* 97 F.3d 803, 806 (5th Cir.1996); *see also Jones v. Flagship Int'l,* 793 F.2d 714, 719–20 (5th Cir.1986).

■ Once a plaintiff has established a prima facie claim of sexual harassment, the Court must next consider whether the employer should be held liable for the acts of sexual harassment committed in the employer's workplace. In answering this question, the Court applies different standards depending upon the identity, or status, of the alleged sexual harasser. Where the harasser is a co-worker, the employer can be held liable for his conduct where the employer knew or should have known of the harassing conduct yet failed to take prompt remedial action. *See Williamson v. City of Houston,* 148 F.3d 462, 464 (5th Cir.1998) (*citing Jones,* 793 F.2d at 720). The applicable standard of care in such cases is negligence. *Id.* at 464–65 (*citing Faragher,* 524 U.S. at ——, 118 S.Ct. at 2289). Liability may result from either actual or constructive notice, the latter of which "can result from 'showing the pervasiveness of the harassment.'" *Id.* at 465 (*quoting Waltman v. International Paper,* 875 F.2d 468, 478 (5th Cir.1989)). Where the alleged harasser is a supervisor, however, the employer may be held vicariously liable. *Faragher,* 524 U.S. at ——, 118 S.Ct. at 2292–93; *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 2270, 141 L.Ed.2d 633 (1998). However, where the employee suffered no "tangible employment action," that is, discharge, demotion, undesirable reassignment, or the like, an employer may raise an affirmative defense to liability or damages. *Id.* To establish this affirmative defense, the employer must show by a preponderance of the evidence that it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior" and that "the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise." *Id.* This affirmative defense is not available where the supervisor's harassment culminates in a tangible employment action. *Id.*

■ To withstand Defendant's 12(b)(6) Motion, Plaintiff's complaint must first have

alleged a prima facie case of sexual harassment. The Court accepts as true Plaintiff's allegations that she is a woman, that she was subject to sexual comments and advances from Sgt. Jordan, and that the harassment was based upon sex. However, Defendant argues that Plaintiff's complaint fails to allege facts the proof of which would satisfy the fourth element, that is, the requirement that the harassment was so severe or pervasive as to alter her conditions of employment and create an abusive working environment. *See Farpella–Crosby,* 97 F.3d at 806. In fact, Plaintiff's complaint alleged seven instances of harassment and, in some of those instances, identified the approximate dates of their occurrence:

- Sgt. Jordan made comments to Plaintiff regarding her buttocks, breasts, and crotch area.

- Sgt. Jordan asked Plaintiff to come to his house and tan nude in his tanning bed.

- Sgt. Jordan asked Plaintiff to go to the beach and "get naked with him."

- Sgt. Jordan told Plaintiff that he would make a leather bikini for her, but that she would have to let him fit her in the nude.

- In December 1995, Sgt. Jordan asked Plaintiff to come watch his X-rated movies with him.

- In February 1996, Sgt. Jordan described to Plaintiff in some detail an episode where his wife had ridden a four-wheeler without a shirt on.

- In May 1996, Sgt. Jordan discussed with Plaintiff the possibility of going to the beach and having a "three-way" with him and his wife.

The Court is mindful of its duty to accept as true all well-pleaded allegations in the complaint and view them in a light most favorable to the plaintiff. *See Malina,* 994 F.2d at 1125. While these facts might not ultimately support a prima facie claim of sexual harassment, the Court cannot state without a doubt that proof of these facts would not entitle Plaintiff to relief. *See generally Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102; *Tuchman,* 14 F.3d at 1067. Defendant argues that Plaintiff's allegations are vague with respect to the timing and, in some cases, location of the incidents, that the conduct was merely offensive and thus not actionable, and that the incidents were infrequent and isolated.[1] Bearing in mind its duties with respect to 12(b)(6) dismissal, the Court reiterates that these "deficiencies" are more properly addressed at a later stage of this litigation and do not supply a basis for dismissal.

■ Next, the Court considers Plaintiff's pleadings with respect to the issue of employer liability. Plaintiff has alleged that Sgt. Jordan's harassing conduct began when he was a co-worker and continued after he assumed a supervisory role over her. With respect to Defendant's liability for the sexually harassing conduct of a co-worker, Plaintiff must establish that Defendant knew or should have known of the harassing conduct and failed to take prompt remedial action. *See Williamson,* 148 F.3d at 464. Plaintiff has alleged that she informed Sgt. Jordan's supervisor, Lt. Leach, of the conduct and that Lt. Leach took her comments to the Sheriff, thus giving Defendant actual notice of the harassment. Despite that knowledge, Plaintiff alleges, the Sheriff failed to take action to correct the problem and ultimately promoted Sgt. Jordan to a position above

---

1. In support of its argument for dismissal, Defendant cites several appellate decisions that are inapposite because they address lower court judgments on the merits rather than questions of 12(b)(6) dismissal. *See, e.g., Jones,* 793 F.2d 714 (appeal following district court judgment entered after trial); *Rabidue v. Osceola Refining Co.,* 805 F.2d 611 (6th Cir.1986) (appeal following district court judgment entered after bench trial); *Scott v. Sears, Roebuck & Co.,* 798 F.2d 210 (7th Cir. 1986) (appeal following district court's entry of summary judgment). Defendant's use of these cases is at best careless and at worst intentionally misleading. As Professors Wright and Miller

have pointed out, significant differences exist between the standards for 12(b)(6) dismissal based on pleadings and judgment based on proof. *See* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed.1990) (warning that 12(b)(6) dismissal is inappropriate in those instances where the court merely "doubts plaintiff will prevail in the action"). If and when this case reaches the summary judgment stage, Defendant may offer such cases as support for its argument. Until then, however, it should refrain from citing them for the wrong purposes.

that occupied by Plaintiff. The Court concludes that Plaintiff's allegations properly state the necessary elements for employer liability for the actions of a co-worker.

With respect to Defendant's liability for the conduct of a supervisor, the calculus is different depending upon whether or not Plaintiff suffered a "tangible employment action." *See Faragher,* 524 U.S. at ——, 118 S.Ct. at 2292–93; *Ellerth,* 524 U.S. at ——, 118 S.Ct. at 2270. Where an employee suffers a tangible employment action, defined as a significant change in employment status such as a firing, failure to promote, or reassignment with significantly different job responsibilities, the employer faces strict liability. *See Ellerth,* 524 U.S. at ——, 118 S.Ct. at 2270; *Butler v. Ysleta I.S.D.,* 161 F.3d 263, 268 (5th Cir.1998). Plaintiff has alleged facts tending to support a theory of constructive discharge. Constructive discharge qualifies as a tangible or adverse employment action. *See Benningfield v. City of Houston,* 157 F.3d 369, 377–78 (5th Cir.1998). Although constructive discharge is difficult to establish, *see Landgraf v. USI Film Prods.,* 968 F.2d 427, 429 (5th Cir.1992) (holding that to establish constructive discharge, Plaintiff must prove that her working conditions were so difficult or unpleasant that a reasonable person in her shoes would have felt compelled to resign), the Court at this stage is only concerned that Plaintiff has alleged facts that could establish such a claim. The Court concludes that Plaintiff's allegations properly state the necessary elements for employer liability for a supervisor's sexually harassing conduct.

Plaintiff has thus properly alleged the elements of a prima facie sexual harassment claim based on the actions of Sgt. Jordan and the elements necessary to establish employer liability. Accordingly, the Court concludes that Plaintiff has stated a claim upon which relief may be granted with respect to her allegations of hostile environment and constructive discharge under Title VII.

### 2) *Retaliation*

Title VII imposes liability for unlawful retaliation where an employee engaged in activity protected by Title VII, the employer took adverse employment action against the employee, and a causal connection exists between that protected activity and the adverse employment action. *Mattern v. Eastman Kodak Co.,* 104 F.3d 702, 705 (5th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 336, 139 L.Ed.2d 260 (1997); *Shirley v. Chrysler First, Inc.,* 970 F.2d 39, 42 (5th Cir.1992). The ultimate determination is whether, "but for" the protected conduct, the employer would not have engaged in the adverse employment action. *Douglas v. DynMcDermott Petroleum Operations Co.,* 144 F.3d 364, 372 (5th Cir.1998); *Long v. Eastfield College,* 88 F.3d 300, 305 n. 4 (5th Cir.1996); *Johnston v. Harris County Flood Control Dist.,* 869 F.2d 1565, 1571 (5th Cir.1989) (noting that the employee must prove cause-in-fact).

Activities protected under Title VII fall under two categories: opposition and participation. *Douglas,* 144 F.3d at 372. An employee has engaged in protected activity when she has "opposed any practice made an unlawful employment practice" by Title VII or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e–3(a); *Douglas,* 144 F.3d at 372.

The allegations in Plaintiff's complaint satisfy each of the retaliation requirements. First, Plaintiff's allegation that she twice informed Sgt. Jordan's supervisors of his sexually harassing conduct satisfies the opposition prong of the protected activity requirement. By reporting his conduct, Plaintiff opposed a practice specifically made unlawful by Title VII. Second, Plaintiff makes an allegation of adverse employment action. She alleges that after he became her supervisor, and after she complained about his conduct a second time, Sgt. Jordan began denying her requests for days off. Ultimate employment decisions such as discharge, promotion or demotion, compensation, or the granting of leave may qualify as adverse employment actions for purposes of retaliation claims. *See Webb v. Cardiothoracic Surgery Associates,* 139 F.3d 532, 540 (5th Cir.1998) (*citing Mattern,* 104 F.3d at 707–08). Finally, Plaintiff has alleged that Sgt.

Jordan's denials of her requests for days off were causally related to her complaints about his conduct. Accordingly, the Court concludes that Plaintiff has stated a claim for retaliation under Title VII.

As Plaintiff's allegations of hostile work environment, constructive discharge, and retaliation state a claim for which relief may be granted under Title VII, Defendant's Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) is **DENIED.**

### III. CONCLUSION

For the above reasons, Defendant's Motion to Dismiss is **DENIED.** Plaintiff's claims are set for trial on July 19, 1999. Without commenting on the merits of the claims or defenses asserted, the Court will examine them at that time. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**