Monica C. BUENROSTRO, Plaintiff,

v.

**FLIGHT SAFETY INTERNATIONAL, INC. and Flight Safety Texas, Inc., Defendants.**

No. Civ.A. SA–99–CA–819FB.

United States District Court,
W.D. Texas,
San Antonio Division.

June 21, 2000.

Gerald Thomas Drought, Denise Nixon Bunk, Martin, Drought & Torres, San Antonio, TX, for plaintiff.

Charles H. Smith, John W. Moore, April F. Robbins, Smith & Moore, Dallas, TX, for defendants.

### ORDER CONCERNING PENDING MOTIONS

BIERY, District Judge.

This Federal Rule of Civil Procedure 12(b)(6) issue, within the context of an alleged hostile environment employment case, presents an opportunity to compare and contrast similar published and unpublished cases from other judicial districts. Before the Court is the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and the various replies and responses filed by both parties. Following the initial pretrial status conference held in this case, the Court requested additional briefing from the parties on the motion. The Court has received and reviewed the supplemental briefs.

■ In the motion to dismiss, defendants contend plaintiff cannot support a claim based on hostile environment because the plaintiff cannot meet the severe and pervasive requirement sufficient to create an abusive environment. In her complaint, plaintiff stated she was given a job, courteously invited out for lunch, and listened to her alleged supervisor's complaints about his wife. Defendants maintain this conduct is not actionable, that plaintiff's allegations do not assert the "numerous unwelcome and unsolicited actions" were discriminatory in nature nor based upon her sex or race, and that plaintiff's subjective dissatisfaction with the conduct of a co-worker does not establish discrimination.

In response, plaintiff claims she has alleged facts to support her assertion she was subjected to unwelcomed sexual harassment, the harassment was based on sex, and it affected a term condition or privilege of employment. Plaintiff points to the following paragraphs of her complaint:

Beginning immediately after Plaintiff's employment and continuing until August 18, 1998, Roney, during working hours, subjected Plaintiff to numerous unwelcome and unsolicited actions. By way of

example, Roney offered Plaintiff her job based on her appearance and without reviewing her qualifications. On several occasions, Roney asked Plaintiff to lunch and on one occasion during what was supposed to be a business lunch, Roney questioned Plaintiff about her personal life and told Plaintiff about his marriage and how he was disappointed with his wife. Roney also frequently commented to Plaintiff favorably about her physical appearance.

After Plaintiff refused several advances by Roney, his attitude changed for the worse. Moreover, on or about April of 1997, Plaintiff reported Roney's conduct to the Human Resources Office of Flight Safety and F.S. Texas in Dallas. Roney retaliated against Plaintiff by adversely affecting her work environment and employment with Flight Safety and F.S. Texas.

The reason for the adverse and retaliatory treatment Plaintiff received was because Plaintiff had complained about and opposed Roney's harassing conduct. This treatment of Plaintiff was discrimination as to a condition or privilege of employment because of her sex in violation of Title VII.

Plaintiff informed the Defendants' Human Resources Personnel about the harassment and retaliation by Roney, but Defendants refused to take other steps to remedy the conduct by Roney or separate Plaintiff from Roney despite the retaliation and offensive and unsolicited conduct by him. On August 19, 1998, the situation had become so intolerable that she could no longer remain in the employ of Flight Safety and F.S. Texas. Furthermore, it became apparent to Plaintiff that she was hired because of Roney's sexual interest in her, rather than for her talents, and that by reason of her refusal to submit to Roney's advancements, she had no future with Flight Safety and F.S. Texas. On this date, she left work with the intention of not returning.

Plaintiff claims the motion to dismiss is a transparent attempt to garner more evidentiary detail and should be denied, but in the event the Court grants the motion, plaintiff maintains she should be granted leave to amend.

■ In reply, defendants again argue plaintiff has not alleged any facts sufficient in her complaint to support a hostile work environment claim. She failed to allege any facts that would support her claim that she was the subject of unwelcome sexual harassment by her supervisor. "A pleading that contains merely bare allegations of liability, without pleading facts giving rise to this liability, does not adequately provide the opposing party with the nature of the claim asserted.... [M]ore than bare assertions of legal conclusions is required to satisfy the policy of fair notice in federal pleading." *Askanase v. Fatjo*, 148 F.R.D. 570, 573 (S.D.Tex.1993).

A motion to dismiss for failure to state a claim is disfavored and rarely granted. *Kaiser Alum. & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). Two principles guide the review of the complaint sought to be dismissed. First, all well-pleaded facts in the complaint must be accepted as true, and "the complaint is to be liberally construed in favor of the plaintiff." *Id.* Second, the complaint should not be dismissed, for failure to state a claim, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* In order for a plaintiff to avoid dismissal for failure to state a claim, he or she must plead "specific facts not mere conclusory allegations." *Guidry*

*v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992). Conclusory allegations as well as unwarranted deductions of fact are not admitted as true for purposes of a motion to dismiss. *Id.* The rule 12(b)(6) standard of review has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Beanal v. Freeport–McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir.1999). Moreover, courts must limit their inquiry, in deciding the motion to dismiss, "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017 (5th Cir.1996). Therefore, the Court need not consider the factual allegations set forth by the plaintiff in her supplemental brief to the Court (docket # 20).

 In her complaint, plaintiff asserts causes of action for sexual harassment, retaliation, and constructive discharge, national origin/sex discrimination, and defamation. Defendants' motion maintains plaintiff has failed to state a claim upon which relief may be granted because the challenged conduct does not give rise to a "severe or pervasive" hostile work environment, and the challenged conduct is not actionable because it would not rise to the level sufficient to be hostile and abusive under Title VII to any objective person. In order for plaintiff to support a hostile environment claim, she must show "she belongs to a protected group and was subjected to unwelcome sexual harassment, that the harassment complained of was based upon sex, and that the harassment complained of affected a term, condition, or privilege of employment, that is, that the harassment was so pervasive or severe

as to alter the conditions of employment and create an abuse working environment." *Galloway v. Matagorda County, Texas,* 35 F.Supp.2d 952, 955 (S.D.Tex. 1999).

In reviewing the complaint as filed, the Court finds that although plaintiff complains about being subjected to "numerous unwelcome and unsolicited actions," plaintiff does not allege these actions were sexual in nature. Plaintiff complains she was asked out to lunch on several occasions and on one, supposedly a business lunch, plaintiff was questioned about her personal life and had to listen to Mr. Roney explain he was disappointed with his wife. Plaintiff does not state she was forced into going to lunch or that she was harassed or had to endure personal questions at every lunch or that she explained to Mr. Roney she did not like to discuss personal topics and he continued to discuss same, or that the questions about her personal life or the disappointment expressed in the wife were sexual in nature. Plaintiff also fails to allege that any of the compliments she was paid concerning her physical appearance were harassing or sexual in nature.

Defendants also argue plaintiff's complaint fails to allege facts to satisfy the fourth element of plaintiff's hostile environment claim, i.e. that "the harassment was so severe or pervasive as to alter her conditions of employment and create an abusive working environment." *Galloway,* 35 F.Supp.2d at 956. Mindful of plaintiff's concern that this Court rely on cases concerning motions to dismiss and not summary judgment, the Court found four cases, two published and two unpublished, for guidance.[1]

In finding the complaint was sufficient to state a claim of harassment sufficiently

---

**1.** Plaintiff has helpfully called the Court's attention to the Federal Rule of Civil Procedure 50 case of *Reeves v. Sanderson Plumbing*

*Prods., Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Although *Reeves* clearly affects age discrimination issues and evidence

severe and pervasive to alter a term, condition, or privilege of the employment relationship, the court relied on thirteen (13) specific instances of harassment set forth in the complaint. *Scelta v. Delicatessen Support Servs., Inc.*, 57 F.Supp.2d 1327, 1341 (M.D.Fla.1999). Some of the instances alleged included the following conduct: a statement referring to the size of plaintiff's breasts; touching the plaintiff without her express or implied consent; more comments about the size of plaintiff's breasts and other lewd comments during a sales meeting with other employees and superiors present, and defendant entering plaintiff's office, grabbing his crotch and discussing the size of his genitals until plaintiff objected. In addition to the specific instances of conduct, plaintiff also alleged she felt uncomfortable and embarrassed at work because of the sexually harassing remarks and the sexually harassing physical contacts while at work, and she dreaded coming into contact with the two defendants. *Id.*

Another plaintiff also withstood a 12(b)6 motion to dismiss concerning the severe and pervasive element by alleging seven instances of harassment and in some instances, plaintiff was able to identify the approximate dates of their occurrence. *Galloway v. Matagorda County, Texas*, 35 F.Supp.2d 952, 955–56 (N.D.Tex.1999). The allegations included: comments to plaintiff regarding her buttocks, breasts, and crotch area, defendant asking plaintiff to come to his house and tan nude in his tanning bed, defendant asking plaintiff to go to the beach and "get naked with him," defendant telling plaintiff he would make her a leather bikini but she would have to let him fit her in the nude; defendant asking plaintiff to "come watch his X-rated movies with him," and the defendant describing in detail an episode where defen-

dant's wife had ridden a four-wheeler without out a shirt on and discussing the possibility of plaintiff going to the beach with defendant and his wife and having a "three way." The court went on to note that "[w]hile these facts might not ultimately support a prima facie claim of sexual harassment, the Court cannot state without a doubt that proof of these facts would not entitle Plaintiff to relief." *Id.* at 956. The court also commented that deficiencies as to timing and location of incidents, arguments contending the conduct was only offensive and not actionable, and arguments that the incidents were infrequent and isolated were more "properly addressed at a later stage of this litigation and do not supply a basis for dismissal." *Id.*

However, in two unpublished cases out of the Northern District of Texas, 12(b)6 motions were granted because the facts as pleaded were insufficient to sustain a cause of action for hostile environment. In *Murry v. Dalworth Trucking Co.*, No. Civ. A.3:98–CV–0710–H, 1998 WL 320243 (N.D.Tex. June 8, 1998), plaintiff averred an unnamed employee stared at her breasts while she was using the copy machine, this same employee allegedly walked behind her in the parking lot while they were walking to their cars, and this employee looked into her office one time and walked around her office area on one occasion. Because the plaintiff did not allege she had been touched in an inappropriate manner and/or did not contend she was subjected to offensive remarks, a claim based on perceived "wayward glances and improper stares," would not survive a motion to dismiss. *Id.* at *2.

Likewise, complaints about frequent comments which the plaintiff found offensive, such as questions asking if plaintiff was a real blonde, whether plaintiff was

---

specifically and employment law generally, it does not address basic pleading requirements

of rule 12(b)(6) of the Federal Rules of Civil Procedure.

dating someone, and what color plaintiff's toenails were were found to be insufficient even when coupled with an incident that plaintiff claims resulted in her being treated differently. The different treatment resulted when plaintiff failed to attend a company boat party which plaintiff discovered was arranged so managers could socialize with the female employees while they were wearing bathing suits and consuming alcoholic beverages. Plaintiff also discovered the boat party was arranged so as to exclude spouses. *Varela v. National Reinsurance Corp.*, No. CA3:97–CV–2088–BC, 1998 WL 119529, at *1 (N.D.Tex., Mar. 5, 1998). Even assuming all of the allegations were true, the court found the actions "although boorish and rude [were] not sufficient as a matter of law to state a claim of hostile environment sexual harassment." *Id.* at *3. In finding the allegations were insufficient to support a claim of harassment so pervasive as to alter the conditions of employment, the court noted it could not say that as a matter of law the plaintiff could not allege any set of facts which would satisfy the necessary elements of a hostile work environment claim. *Id.* at *4. The court dismissed the claim without prejudice to plaintiff's right to file an amended complaint.

Based on the foregoing and the allegations contained in plaintiff's supplemental brief, this Court also cannot say as a matter of law that plaintiff cannot allege any set of facts which would satisfy the necessary elements of a hostile work environment claim. However, as currently pleaded, plaintiff has not met her burden.

Accordingly, IT IS HEREBY ORDERED that the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (docket # 5) concerning plaintiff's hostile environment claim is GRANTED without prejudice to plaintiff filing an amended complaint.[2] Plaintiff is cautioned that should she choose to file an amended complaint, she must plead specific facts and not mere conclusory allegations.[3] IT IS FURTHER ORDERED that should plaintiff choose to file an amended complaint, she must do so within 10 days from the date of this order.

Having granted the motion to dismiss without prejudice, IT IS FURTHER ORDERED that Plaintiff's First Motion for Leave to File First Amended Original Complaint (docket # 27) is DISMISSED AS MOOT.

The Court has also reviewed Defendants' Motion for Protective Order and Brief in Support, Plaintiff's Response, and Defendants' Reply. Defendants sought an order from this Court protecting them from having to respond to "needless discovery" pending this Court's resolution of the motion to dismiss. Having granted the motion to dismiss, IT IS HEREBY ORDERED that the Defendants' Motion for Protective Order and Brief in Support (docket # 23) is also DISMISSED AS MOOT.

It is so ORDERED.

---

**2.** In addition to her sexual harassment claim, plaintiff's complaint also contains allegations concerning national origin/sex discrimination and defamation. Defendants did not address these claims in their motion to dismiss.

**3.** The Court notes some inconsistencies in the facts set forth in plaintiff's supplemental brief. On page 5 of the brief, plaintiff complained

Mr. Roney propositioned plaintiff on several occasions outside the office, but on page 12 of the brief alleges his acts "by and large took place in the confines of his office, in private, rather than in a social setting where romantic misunderstandings are not uncommon or out in the open where Ms. Buenrostro could easily escape his advances."