**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2009

Charles R. Fulbruge III
Clerk

No. 09-30400
Summary Calendar

In the Matter of: NICHOLAS W. GAUTHIER; JENNIFER F. GAUTHIER

Debtors

TOWER CREDIT, INC.

Appellant

v.

NICHOLAS W. GAUTHIER; JENNIFER F. GAUTHIER

Appellees

Appeal from the United States District Court for the
Middle District of Louisiana
No. 3:08-CV-609

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Debtors Nicholas W. Gauthier and Jennifer F. Gauthier filed for Chapter 13 bankruptcy. Tower Credit, Inc., one of Nicholas Gauthier's creditors, instituted an adversary proceeding against the Gauthiers objecting to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dischargeability of a debt based on alleged fraud by Nicholas. The Gauthiers moved to dismiss the complaint against Jennifer Gauthier on the ground that the debt should be discharged as to her because she had no knowledge of or involvement in the alleged fraud. The bankruptcy court granted the motion to dismiss. Tower Credit appealed to the district court, which affirmed. Tower Credit now appeals the district court's affirmance of the bankruptcy court's order. For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Nicholas W. Gauthier and Jennifer F. Gauthier (the Gauthiers), husband and wife, filed for Chapter 13 bankruptcy on March 5, 2008. In the bankruptcy petition, the Gauthiers named Tower Credit, Inc. as a creditor. Shortly thereafter, Tower Credit instituted an adversary proceeding against both the Gauthiers objecting under 11 U.S.C. § 523(a)(2)(A) and (B) to the dischargeability of a debt that Nicholas had undertaken before marrying Jennifer. Allegedly, Nicholas made fraudulent misrepresentations on his application for the loan, and Tower Credit relied on those misrepresentations in extending credit to Nicholas. Nicholas applied for the loan on March 13, 2006, prior to his marriage to Jennifer. There is no suggestion that Jennifer had any knowledge of or involvement in Nicholas's alleged fraud. As a result, the Gauthiers moved to dismiss the complaint against Jennifer for failure to state a claim.

The bankruptcy court granted the Gauthiers' Rule 12(b)(6) motion to dismiss as to Jennifer, reasoning that "intent, for dischargeability[] purposes[,] cannot be imputed from one spouse to another outside of a business relationship," and therefore Tower Credit failed to state a claim against Jennifer. On appeal, the district court affirmed, concluding that Tower Credit did not allege that Jennifer had any knowledge of or involvement in the fraud and that no law imputed Nicholas's alleged fraud to her based solely on their

marital relationship; therefore, the loan to Tower Credit was dischargeable as to her. Tower Credit appealed to this court.

## II. STANDARD OF REVIEW

When a court of appeals "review[s] the decision of a district court, sitting as an appellate court, [it] appl[ies] the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court." *Caillouet v. First Bank & Trust (In re Entringer Bakeries, Inc.)*, 548 F.3d 344, 348 (5th Cir. 2008) (per curiam) (quotation marks omitted). We review the bankruptcy court's fact findings for clear error and its legal conclusions de novo. *U.S. Dep't of Educ. v. Gerhardt (In re Gerhardt)*, 348 F.3d 89, 91 (5th Cir. 2003). We also review "[t]he grant of a Rule 12(b)(6) motion to dismiss" de novo. *Martin K. Eby Constr. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). We must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam). "Thus, the court should not dismiss a claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint." *Dallas Area Rapid Transit*, 369 F.3d at 467 (quoting *id*.) (internal modifications omitted).

## III. DISCUSSION

Tower Credit objects to the dischargeability of the debt under 11 U.S.C. § 523(a)(2)(A) and (B).[1] As the creditor claiming nondischargeability, Tower Credit has the burden of proving, by a preponderance of the evidence, that the debt is exempt from discharge. *Gen. Elec. Capital Corp. v. Acosta (In re Acosta)*,

---

[1] Under the bankruptcy code, an individual debtor may not receive a discharge for any debt "obtained by . . . false pretenses, a false representation, or actual fraud" or by use of an intentional, materially false written statement regarding the debtor's financial condition, on which the creditor relies. 11 U.S.C. § 523(a)(2)(A)–(B).

406 F.3d 367, 372 (5th Cir. 2005). "Exceptions to dischargeability should be construed in favor of the debtor[; h]owever, this principle cannot be used to overcome the plain language of the bankruptcy code." *Tummel & Carroll v. Quinlivan (In re Quinlivan)*, 434 F.3d 314, 318 (5th Cir. 2005) (citations omitted). Under these two sections, "a debt may be nondischargeable when the debtor personally commits fraud or when actual fraud is imputed to the debtor under agency principles." *Owens v. Miller (In re Miller)*, 276 F.3d 424, 429 (8th Cir. 2002) (citing *Strang v. Bradner*, 114 U.S. 555, 561 (1885)); *see also Hoffend v. Villa (In re Villa)*, 261 F.3d 1148, 1152 (11th Cir. 2001) (same). Tower Credit does not allege that Jennifer personally committed fraud but rather argues that Nicholas's alleged fraud should be imputed to her, preventing discharge as to Jennifer under § 523(a)(2).

In its brief, Tower Credit argues that the language of § 523(a) speaks only in terms of which debts—rather than individual debtors—may be discharged, and therefore the bankruptcy court may not enter an order of discharge as to Jennifer alone. For this proposition, Tower Credit relies on language from *Cohen v. De La Cruz*, 523 U.S. 213 (1998), and *Grogan v. Garner*, 498 U.S. 279 (1991), that the bankruptcy code "prevents the discharge of all liability arising from fraud." *Cohen*, 523 U.S. at 215. However, neither *Cohen* nor *Grogan* dealt with the issue of imputation of fraud to an innocent spouse, but rather addressed situations where a single debtor fraudulently obtained credit; thus, neither can be read to support Tower Credit's position.

We impute fraud to debtors "only if the fraudulent representations were made by a formal partner or agent." *Quinlivan*, 434 F.3d at 319. In *In re Allison*, we established that, in the case of husband-and-wife debtors, the marital relationship alone is not enough to impute one spouse's fraud to the other for nondischargeability purposes. *Allison v. Roberts (In re Allison)*, 960 F.2d 481, 485–86 (5th Cir. 1992) (granting discharge to debtor–wife but not

4

debtor–husband where "no evidence in the record link[ed] [the wife] to false or fraudulent acts or plans").[2] Where we have imputed fraud from one spouse to another, we have relied on agency theory, and done so only where the spouses were "involved in a business or scheme." *Id.* at 485 (discussing *Luce v. First Equip. Leasing Corp. (In re Luce)*, 960 F.2d 1277 (5th Cir. 1992) (per curiam) (refusing to discharge debt as to wife where both spouses were involved in a partnership)); *cf. First Tex. Sav. Ass'n v. Reed (In re Reed)*, 700 F.2d 986, 993 (5th Cir. 1983) (affirming discharge of debtor–wife under 11 U.S.C. § 727 where lower court found wife did not intend to defraud because "the Code does not allow attribution of intent from spouse to spouse"). Other jurisdictions follow the same rule. *See Tsurukawa v. Nikon Precision, Inc. (In re Tsurukawa)*, 258 B.R. 192, 198 (B.A.P. 9th Cir. 2001) ("[T]he marital status alone does not create an agency relationship."); *In re Tara of North Hills*, 116 B.R. 455, 462 (E.D.N.C. 1989), *aff'd*, 904 F.2d 701 (4th Cir. 1990) ("[A] wife is not the agent of her husband strictly by force of the marital relationship."); *see also* Lawrence Ponoroff, *Vicarious Thrills: The Case for Application of Agency Rules in Bankruptcy Dischargeability Litigation*, 70 TUL. L. REV. 2515, 2552 (1996) (noting that "as a matter of substantive nonbankruptcy law, it is axiomatic that the marital relationship does not alone give rise to either a legal partnership or an agency"). Tower Credit has not alleged any set of facts or any possible theory

---

[2] Tower Credit argues that *Deodati v. M.M. Winkler & Assocs. (In re M.M. Winkler & Assocs.*, 239 F.3d 746 (5th Cir. 2001), impliedly overruled *Allison*. *Winkler* stated that "whether the debt arises from fraud is the only consideration material to nondischargeability" and that "the plain meaning of [§ 523(a)(2)] is that debtors cannot discharge any debts that arise from fraud so long as they are liable to the creditor for the fraud." 239 F.3d at 749. However, *Winkler* dealt with the imputation of fraud between business partners—not spouses—and did not purport to overrule *Allison*. Because "[i]t is well-established that one panel of our court will not overturn another absent an intervening precedent by our court sitting en banc or a Supreme Court precedent," *FDIC v. Dawson*, 4 F.3d 1303, 1307 (5th Cir. 1993), we decline to read *Winkler* as overruling *Allison*, particularly in light of the factual distinctions between the two cases.

that would entitle it to relief against Jennifer; in fact, Tower Credit admits that Nicholas incurred the debt prior to his marriage to Jennifer and does not dispute Jennifer's lack of knowledge or involvement in Nicholas's alleged fraud.

Finally, Tower Credit argues that a discharge of the debt as to Jennifer will effectively preclude any recovery from Nicholas, as the discharge will protect the Gauthiers' community property and Nicholas allegedly has limited separate property. Tower Credit claims that a bankruptcy discharge that protects one spouse necessarily protects the entire after-acquired community property estate under 11 U.S.C. § 524(a)(3), and Tower Credit will therefore be unable to garnish Nicholas's wages, which are community property under Louisiana law. Even if Tower Credit's legal argument were correct, which is questionable, it does not affect the dischargeability of the debt as to Jennifer. Tower Credit's ability to recover from Nicholas or the after-acquired community property estate is not before us, and we decline to rule on it.

Tower Credit has failed to allege facts that could entitle it to relief; therefore, the bankruptcy court properly granted the Gauthiers' Rule 12(b)(6) motion to dismiss the complaint as to Jennifer.

## IV. CONCLUSION

For the reasons stated above, we AFFIRM.