# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2013

No. 13-20044
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of: GENE MICHAEL MONTEAGUDO,

Debtor

- - - - - - - - - - - - - - - - - - - - - -

JASON D. ANDERSON,

Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2481

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Appellant Jason D. Anderson ("Anderson"), an attorney, appeals an order of the District Court affirming an order of the bankruptcy court imposing certain sanctions on Anderson for his refusal to comply with directives to refrain from routinely violating Rule 9 of the Federal Rules of Civil Procedure by persistently refusing to plead fraud with particularity. For substantially the same reasons set forth in the district court's careful opinion of January 23, 2013, we AFFIRM.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20044

I.

At the time of the events relevant to this appeal, Anderson worked as an associate at Weinstein & Riley, P.S., a Seattle-based firm that represented Discover Bank (the issuer of the Discover Card) in various bankruptcy matters. Anderson appeared regularly before the bankruptcy court for Discover in § 523 proceedings seeking to deny the discharge of credit card debt pursuant to 11 U.S.C. § 523(a)(2). Section 523 provides an exception to the discharge of debt in chapter 7 bankruptcy if the debtor obtained the debt by "false pretenses, false representations, or actual fraud." 11 U.S.C. § 523(a)(2)(A). Because fraud is an element of a § 523(a)(2)(A) action, Anderson was required to plead fraud in these actions.[1]

In this case, Monteagudo, filed for chapter 7 bankruptcy in January 2012, seeking to discharge all debts, including charges made on his Discover card. In March, Anderson filed a complaint on behalf of Discover alleging that Monteagudo fraudulently charged $6,000 to his Discover card and that, pursuant to § 523(a)(2)(A), this amount was nondischargeable. Despite the plain language in Rule 9 of the Federal Rules of Civil Procedure, requiring a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake,"[2] Anderson's complaint alleged no facts to support his fraud claim.

The presiding bankruptcy court judge (Judge Isgur) had dealt with Anderson as Discover's counsel in previous § 523(a)(2)(A) complaints. Indeed, Judge Isgur first confronted Anderson about his failure to allege facts as

---

[1] The record indicates that Anderson filed sixty-eight § 523(a)(2) complaints before the Southern District in the twenty-two months preceding the issuance of the bankruptcy court's order at issue here.

[2] FED. R. CIV. P. 9(b); *see also* FED. R. BANKR. P. 7009; *In re Mercer*, 246 F.3d 391, 401-03 (5th. Cir. 2001) (en banc) (holding that in order to succeed in a §523(a)(2)(A) action, a credit card lender must plead facts sufficient to prove fraud under a common law standard).

required by Rule 9 during a hearing in a separate case, *In re Fuentes,*[3] in May of 2012. During that hearing, Anderson argued that Rule 9(b) should not be interpreted to require the moving party to plead fraud with particularity as a matter of course; rather, the rule to plead with particularity becomes obligatory only after objection by opposing counsel. Judge Isgur rejected Anderson's argument and made clear to Anderson that he must fully comply with Rule 9 when alleging that the debtor committed fraud.

Despite Judge Isgur's unequivocal instruction to Anderson, Anderson did not amend the complaint he had filed in *Monteagudo* earlier in the year. Consequently, Judge Isgur ordered Anderson to show cause why "Discover Bank and its counsel should not be compelled to comply with Rule 9(b) in filing future adversary proceedings" and scheduled a hearing on the matter for July 26, 2012. The show cause order further stated:

> Jason Anderson (Discover Bank's counsel of record) must be present. In addition, a corporate representative who has the full authority to direct Discover Banks's present and future counsel . . . must be present.

On July 26th, Anderson appeared before Judge Isgur but he was not accompanied by Discover Bank representatives. When Judge Isgur brought the absence of the Discover personnel to Anderson's attention, Anderson responded that he did not believe that the show cause order's direction regarding the Discovery personnel was mandatory, so he neither brought them to the hearing nor informed them that it was scheduled.

In response, Judge Isgur ordered Anderson to appear in court twice a day each day until the Discover personnel joined him. When the Discover officers arrived several days later, Judge Isgur proceeded with the show cause hearing in order to receive assurance from the Discover officers and Anderson that they

---

[3] 474 B.R. 497 (Bankr. S.D. Tex. 2012).

No. 13-20044

would follow Rule 9(b) in § 523(a)(2) filings as a matter of course. While the Discover officers readily promised to heed the court's instruction, Anderson's own statements left Judge Isgur unconvinced that Anderson would comply with his instructions.[4]

Concerned about "Anderson's lack of candor and his untruthfulness" and unconvinced that Anderson would plead future § 523(a)(2) complaints with particularity, Judge Isgur issued a Memorandum Opinion and Order directing him and any other attorney from Weinstein & Riley to comply with Rule 9 in all § 523 complaints and to file a copy of the order along with all § 523(a)(2) complaints they filed in the Southern District of Texas for a period of one year. The order further required that Anderson file a copy of the order under a separate docket entry and serve a copy to all parties to the proceeding.

Anderson appealed the bankruptcy court's order to the district court. The district court remanded the case to the bankruptcy court with instructions to specify under what authority the court had issued the order. The bankruptcy court issued a supplemental order stating that the court used its inherent authority and provided further justification for its issuance. The district court, in a thorough and well-developed opinion, affirmed the supplemental order, rejecting all of Anderson's claims on appeal. Anderson challenges that order in this appeal.

## II.

We review a district court's sanctions order granted under inherent power for an abuse of discretion. *FDIC v. Maxxam, Inc.*, 523 F.3d 566, 590 (5th Cir.

---

[4] For example, Anderson took issue with Judge Isgur's characterization of his statements during the Fuentes hearing, stating that the court must have misunderstood him because he never said he interpreted Rule 9(b) to be optional. Anderson stated the following during the *Fuentes* hearing regarding § 523(a)(2) complaints and why he did not plead fraud with particularity: "Typically the adversarial process weeds that out. So that if the defendant did appear and felt that for some reason there was a lack of merit, then that is the onus on the defendant to either file a motion to dismiss or a motion for a more definite statement."

No. 13-20044

2008). Moreover, the inherent powers of the district court to sanction attorneys for bad faith in the course of litigation "are equally applicable to the bankruptcy court." *In re Case*, 937 F.2d 1014, 1023 (5th Cir.1991). "We review the factual findings underlying those sanctions, however, only for clear error." *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010).

## III.

We have carefully considered the briefs and the record on appeal and are not persuaded by Anderson's claims of error. The district court thoroughly addressed the arguments Anderson raises on appeal, and we affirm for substantially the reasons set forth in its thorough opinion and amended order of January 23, 2013. *See In re Monteagudo*, No. H-12-2481, 2013 WL 264443 (S.D. Tex. Jan. 23, 2013).

In summary, Anderson contends that the district court erred in affirming the bankruptcy court's order for four principle reasons: (1) the bankruptcy court did not properly invoke its inherent power to sanction because it did not make an explicit finding of bad faith in its initial order; (2) the bankruptcy court erred in finding Anderson acted in bad faith because, inter alia, he amended his deficient complaints; (3) the order was improper because it had the practical effect of suspension; and (4) the order violated his constitutional right to Due Process because it did not afford him proper notice.

We reject the first argument because the bankruptcy court made a finding of bad faith in his supplemental order and, in the alternative, we may infer bad faith from the original order. Generally, a bankruptcy court can invoke its inherent power to impose sanctions only if it makes a finding that the litigant engaged in bad faith conduct. *In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008). However, "when bad faith is patent from the record and specific findings are unnecessary to understand the misconduct giving rise to the sanction, the

necessary finding of 'bad faith' may be inferred." *United States v. Ortlieb*, 274 F.3d 871, 880 (5th Cir. 2001) (internal quotation marks omitted). The bankruptcy court's initial order recounted in detail Anderson's lack of candor and truthfulness in responding to the court's concerns on the Rule 9(b) issue. Thus not only did the court's supplemental order make a specific finding of bad faith, but the initial order was also sufficiently detailed for us to infer bad faith; consequently, the court's invocation of its inherent powers was proper.

Anderson's second argument also fails. After the show cause hearing, Anderson did amend some of his complaints to comply with Rule 9(b), including the complaint in the underlying case. But this argument fails to recognize that the basis for the bankruptcy court's order was not only Anderson's failure to comply with Rule 9(b), but also his refusal to acknowledge the court's instructions and agree to abide by them.

We also reject Anderson's last two arguments. Nothing in the court's limited order prevents Anderson from practicing law or inconveniences Anderson to such an extent that it in effect prevents him from the practice of law. We therefore agree with the district court's finding and analysis that the bankruptcy court's order does not rise to the level of a suspension and was not quasi-criminal in nature.

Finally, Anderson was not denied Due Process. As the district court emphasized, all the cases Anderson cites to support the proposition that he was entitled to more definitive notice of the proposed sanctions involved actual suspension or disbarment. More importantly, the show cause order here clearly stated that Anderson was to show cause why he should not be "compelled" to file future § 523(a)(2) complaints in accordance with Rule 9(b). This was adequate to put Anderson on notice that if he did not show cause to Judge Isgur's satisfaction, Judge Isgur might then fashion an appropriate sanction to ensure compliance with Rule 9(b).

No. 13-20044

## IV.

For the foregoing reasons, we AFFIRM the order of the district court.