# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20246
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2016

Lyle W. Cayce
Clerk

In the matter of:  SKYPORT GLOBAL COMMUNICATION, INCORPORATED, formerly known as Skyport International, Incorporated, doing business as SkyPort International PC, doing business as SkyComm International, Incorporated,

    Debtor

-------------------------------------------------------------------------------------------

JOANNE SCHERMERHORN; JOHN K. WAYMIRE; CHET GUTOWSKY; JOHN LLEWELLYN; JOSEPH A. LOPEZ; et al,

    Appellants

v.

ROBERT KUBBERNUS; SKYPORT GLOBAL COMMUNICATIONS, INCORPORATED, now known as Trustcomm, Incorporated; BALATON GROUP, INCORPORATED; BANKTON FINANCIAL CORPORATION; BANKTON FINANCIAL CORPORATION, L.L.C.; CENTURYTEL, INCORPORATED, also known as CenturyLink; R. STEWART EWING; CLARENCE MARSHALL; MICHAEL E. MASLOWSKI; HARVEY P. PERRY; WILSON VUKELICH, L.L.P.,

    Appellees

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-1524

---

Before KING, CLEMENT, and OWEN, Circuit Judges.

No. 15-20246

PER CURIAM:*

Plaintiffs-Appellants (the "Schermerhorn parties") appeal the issuance of sanctions for filing a state court petition that contained misrepresentations and claims barred by a confirmed plan of reorganization.

Skyport Global Communications, Inc. operated a satellite teleport in Houston, Texas. A financially troubled company, it filed Chapter 11 bankruptcy in October 2008. In August 2009, the bankruptcy court entered its order confirming the reorganization plan, which provided, in part, for the merger of Skyport with its sole shareholder, SkyComm Technologies Corporation. Once merged, all shares of stock owned by SkyComm's shareholders were to be canceled, and all shares of the reorganized debtor, Skyport, were to be reissued to the Balaton Group.[1] The confirmation order enjoined derivative claims filed on behalf of Skyport or SkyComm, but did not enjoin direct claims against third parties.

In February 2010, the Schermerhorn parties, minority SkyComm shareholders, filed a petition in state court against Defendants-Appellees seeking $32 million in damages for various misdeeds allegedly committed in connection with investments in and management of Skyport, and its parent, SkyComm.[2] The state court lawsuit was removed to the bankruptcy court, which issued a preliminary injunction as it reviewed the claims. The court then

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The Schermerhorn parties did not challenge confirmation of the plan, despite the fact that they lost their equity interests. Even after receiving notice, the Schermerhorn parties neither appealed nor attempted to vacate the confirmation order, which became irrevocable 180 days after entry. 11 U.S.C. § 1144.

[2] The state court petition included claims for breach of fiduciary duty, breach of contract, oppression, fraud, aiding and abetting fraud, securities fraud, negligent misrepresentation, and civil conspiracy.

issued several sanctions orders against the Schermerhorn parties for their filing of the state court lawsuit, which the court found was a collateral attack of the confirmation order, and for violations of the injunction order.[3] The court found that an appropriate sanction would include attorney's fees and expenses reasonably incurred by the Defendants. The Schermerhorn parties appealed the sanctions orders to the district court, which affirmed.

On appeal, the Schermerhorn parties challenge the sanctions orders.[4]

## Standard of Review

We review the bankruptcy court's findings of fact under the clearly erroneous standard and decide issues of law de novo. *Henderson v. Belknap*, 18 F.3d 1305, 1307 (5th Cir. 1994). The imposition of sanctions is discretionary; thus, we review the exercise of this power for abuse of discretion. *In re Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 613 (5th Cir. 1997). "A court abuses its discretion when its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995).

## Discussion

The Schermerhorn parties assert that the sanctions orders were erroneously issued because the bankruptcy court: (1) cannot exercise its inherent power over an action in state court; (2) failed to exercise restraint in using its inherent authority; (3) failed to find that the parties acted in bad faith; and (4) failed to consider a less restrictive means of deterrence.

Courts have inherent power to sanction a party that has engaged in bad-faith conduct and can invoke that power to award attorney's fees. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45 (1991). "In *Chambers*, the Supreme Court held that

---

[3] The Schermerhorn parties have not appealed the contempt orders issued by the bankruptcy court for their violation of its preliminary injunction.

[4] The Schermerhorn parties appeal five orders for sanctions.

No. 15-20246

a district court may sanction parties for conduct that occurs in portions of the court proceeding that are not part of the trial itself." *FDIC v. Maxxam, Inc.*, 523 F.3d 566, 590–91 (5th Cir. 2008). We have qualified *Chambers* by emphasizing that its rule allows for sanctions when a party's "bad-faith conduct," beyond that occurring in trial, is "in direct defiance of the *sanctioning court.*" *Id.* at 591 (citation omitted) (emphasis in original); *see In re Case*, 937 F.2d 1014, 1023 (5th Cir. 1991) (finding the power to assess attorney's fees, based on the inherent powers of the court, equally applicable to the bankruptcy court).

The Schermerhorn parties' arguments that the bankruptcy court acted beyond its legal authority and without the proper restraint have no merit. They rely on *Case* for the proposition that "a bankruptcy court's inherent power to punish bad-faith conduct does not extend to actions in a separate state court proceeding." *Id.* at 1023. But *Case*'s holding turns on our finding that the state court proceeding was "completely collateral to the proceedings in the bankruptcy court." *Id.* Here, although the Schermerhorn parties filed their petition in state court, their state action directly contravenes the Skyport confirmation order. The bankruptcy court concluded that some of the counts brought in their petition were derivative and thus barred by the confirmation order. Accordingly, the bankruptcy court did not abuse its discretion in assessing sanctions pursuant to its inherent authority to police practitioners who act in direct contravention of its orders. *See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 793 (5th Cir. 1993) (distinguishing *Case* from *Chambers* and noting that the filing in *Chambers* "directly violated the district court's order to maintain the status quo pending the outcome of the litigation").

The Schermerhorn parties next argue that the bankruptcy court erred by failing to make specific findings of bad faith and secondarily contend that their conduct does not rise to the level of bad faith. These arguments are also

4

without merit. It is well-settled that a court may impose sanctions against litigants so long as the court makes a specific finding that they engaged in bad faith conduct. *See In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008). Here, the bankruptcy court made several findings that the Schermerhorn parties acted in bad faith by filing their petition in contravention of the plan and the confirmation order. In deciding to sanction the Schermerhorn parties, the court repeatedly stated that it found their state court petition was not only a direct violation of the injunction provisions contained in Skyport's Chapter 11 confirmation order, but also an end-run around § 1144 of the bankruptcy code. These factual findings are sufficient to support a finding of bad faith. *See In re Monteagudo*, 536 F. App'x 456, 460 (5th Cir. 2013).

As a final effort, the Schermerhorn parties assert that the sanctions imposed were not the least restrictive means of deterrence. But their argument goes more to the issue of whether sanctions should have been imposed rather than a particular challenge as to the amount. Because we find that the bankruptcy court did not abuse its discretion in ordering sanctions, we reject the Schermerhorn parties' request to vacate the sanctions imposed.

For the reasons set forth above, we AFFIRM the judgment of the district court, which affirmed the bankruptcy court's order imposing sanctions on the Schermerhorn parties.