# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50746

IN THE MATTER OF KYLE R. LINDSEY,

Debtor

CHRIS BENNETT,

Appellant

v.

KYLE R LINDSEY,

Appellee.

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-882

Before DAVIS, HAYNES, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Chris Bennett ("Bennett") appeals the district court's order affirming the bankruptcy court's dismissal of Bennett's adversary proceeding against Kyle Lindsey ("Lindsey") for failure to state a claim. The bankruptcy court dismissed Bennett's complaint, which sought a determination that Lindsey's debt to him

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50746

was non-dischargeable under 11 U.S.C. § 523(a)(2)(A), because it found that complaint to be conclusory. Because Bennett's complaint did not state a plausible claim for relief, and because the bankruptcy court did not abuse its discretion by denying leave to amend the complaint, we AFFIRM.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In October 2014, KRL Custom Homes, LLC ("KRL") entered into a contract to build a home for Bennett. Lindsey, in his capacity as representative and sole owner of KRL, signed the contract on behalf of KRL. On March 25, 2015, Bennett and KRL executed an Agreement for Termination of Contract and Release ("Release"). Under the Release, KRL agreed to refund Bennett $42,300 in exchange for a release of any claims Bennett might have against KRL. The refund was to be divided into three distinct payments: (1) $15,000 in the form of three postdated $5,000 checks to replace the contract deposit and an earlier payment to KRL; (2) $7,300 to pay Benchmark Plumbing Co. ("Benchmark") for plumbing work; and (3) $20,000 to pay Daniel Lopez ("Lopez") for work performed on the home.[1] In the following months, KRL paid a portion of the $27,300 due Lopez and Benchmark under the Release. However, none of the postdated $5,000 checks cleared, leaving a $15,000 balance.

In February of 2016, Lindsey filed for "no asset" bankruptcy under Chapter 7.[2] Lindsey listed 47 creditors and $776,469.99 in debt on his personal schedule, including $15,000 owed to Bennett.

---

[1] It appears that the $20,000.00 refund was conditional on Lopez not having been paid. The fine print in the Release, which was attached to Bennett's complaint, states that "[i]f the total sum of payments to Daniel Lopez is less than $20,000, the difference between $20,000 and the actual amounts paid to Daniel Lopez will be refunded to [Bennett and Nicholson]." From the record, it appears that Lindsey paid a portion this amount, but it is not clear whom he paid or how much.

[2] *See* 11 U.S.C. § 701 *et seq.* KRL filed a separate bankruptcy but the sole issue in this case relates to the adversary proceeding filed in Lindsey's bankruptcy.

No. 17-50746

On April 15, 2016, Bennett filed an adversary proceeding against Lindsey alleging that the $15,000 debt was non-dischargeable under 11 U.S.C. § 523(a)(2)(A) because Lindsey fraudulently induced the Release by falsely promising that all subcontractors, save Benchmark and Lopez, were paid in full. Lindsey subsequently moved to dismiss Bennett's complaint under Federal Rule of Civil Procedure 12(b)(6), and the bankruptcy court set a hearing for June 16, 2016. At the hearing, the court allowed extensive argument from all counsel and repeatedly expressed concerns that Bennett's complaint was conclusory. In response, Bennett's counsel expressed a desire to re-plead if necessary, but he never formally moved for leave to amend. The court ultimately took the matter under advisement and set a date to orally announce its reasons for judgment. On July 6, 2016, the bankruptcy court granted Lindsey's 12(b)(6) motion to dismiss, finding Bennett's allegations that subcontractors were unpaid to be "mere statements without any supporting facts."

On July 31, 2017, the United States District Court issued a memorandum opinion and order affirming the dismissal of Bennett's complaint. This appeal ensued.

## II.  DISCUSSION

### A. Motion to Dismiss

Bennett first contends that the bankruptcy court improperly granted Lindsey's motion to dismiss.[3] To avoid dismissal, a plaintiff's complaint

---

[3] When this Court "review[s] the decision of a district court, sitting as an appellate court, [it] appl[ies] the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court." *In re Entringer Bakeries, Inc.*, 548 F.3d 344, 348 (5th Cir. 2008) (quotation marks omitted). We review the bankruptcy court's findings of fact for clear error and its legal conclusions de novo. *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003). A Rule 12(b)(6) dismissal of an adversary complaint in bankruptcy presents an issue of law that we review de novo, *In re Gauthier*, 349 F. App'x 943, 944 (5th

ordinarily need only contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[4] However, because Bennett's complaint seeks relief for fraud under 11 U.S.C. § 523(a)(2)(A), it is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and Federal Rule of Bankruptcy Procedure 7009.[5] At a minimum, these rules require that a plaintiff allege "the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants."[6] In other words, a plaintiff must lay out "the who, what, when, where, and how" of the alleged fraud.[7] In setting out that framework, the plaintiff must allege "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[8] "'[N]aked assertion[s]' devoid of 'further factual enhancement'" do not suffice.[9] Rather, the plaintiff's well-pleaded facts must permit the court to infer more than the mere possibility of misconduct that harmed the plaintiff.[10]

Bennett's argument that his complaint meets these requirements rests on a sole allegation, which states, in pertinent part:

> Debtor knowingly, falsely swore in an affidavit relied upon by Bennett that each person had been paid in full for all labor and materials used in the residential construction except for expenses

---

Cir. 2009), accepting all of the plaintiff's "well pleaded averments as true and viewing them in the light most favorable to the plaintiff." *Eason v. Holt*, 73 F.3d 600, 601 (5th Cir. 1996).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] *See Matter of Haber Oil Co., Inc.*, 12 F.3d 426, 439 (5th Cir. 1994) (noting that bankruptcy courts "should and do insist that the stringent standard imposed by Bankruptcy Rule 7009 be observed by parties claiming fraud, particularly if the party asserting fraud has first hand knowledge of the fraudulent transaction"); *see also In re Monteagudo*, 536 F. App'x 456, 458 (5th Cir. 2013).

[6] *Matter of Haber*, 12 F.3d at 439 (quoting *Askanase v. Fatjo*, 148 F.R.D. 570, 574 (S.D. Tex. 1993)); *see also Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997).

[7] *Williams*, 112 F.3d at 179.

[8] *Ashcroft*, 556 U.S. at 678.

[9] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[10] *Harold H. Huggins Realty, Inc. v FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011).

associated with Daniel Lopez and Benchmark Plumbing, when in fact other persons were still owed for labor and materials used in the residential construction at the time the affidavit and termination agreement were executed. Debtor knew these sworn, written representations were false at the time he made them, and intended that Bennett rely on those representations.

From this statement, we can glean that Lindsey allegedly lied under oath via an affidavit on March 25, 2015. However, Bennett's averment that Lindsey "falsely swore . . . that each [subcontractor] had been paid in full . . . when in fact other persons were still owed . . ." does not adequately explain how Lindsey's fraudulent scheme operated to the detriment of Bennett. Bennett's barebones assertion, made without any explanation for his belief that certain subcontractors were not paid, or, more importantly, any explanation of how Lindsey's actions harmed Bennett, is conclusory.[11] Bennett alleged only that he "relied upon the false misrepresentations . . . and as a proximate result ha[s] sustained injuries." Bennett's complaint does not meet the heightened pleading requirements of Rule 9(b) and Bankruptcy Rule 7009; therefore, dismissal under Rule 12(b)(6) was proper.[12]

### B. Motion for Leave to Amend

Bennett argues that even if he did not properly allege his § 523(a)(2)(A) claim, the bankruptcy court should have allowed him to amend his complaint.[13] Although Federal Rule of Civil Procedure 15 generally applies to adversary proceedings in bankruptcy court,[14] the parties dispute whether Federal Rule of Bankruptcy Procedure 4007—which requires that certain challenges to dischargeability be brought no later than 60 days after the first date set for the

---

[11] *Ashcroft*, 556 U.S. at 678.

[12] *Id.*

[13] "We review the denial of a motion to amend for abuse of discretion." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016).

[14] *See* FED. R. BANKR. P. 7015.

meeting of creditors under 11 U.S.C. § 341(a)—supersedes Federal Rule of Civil Procedure 15(c), which addresses relation back of amended complaints. We need not decide this issue because, assuming arguendo that Rule 15 applies in full in this context, Bennett still does not prevail.

Rule 15(a)(2) instructs federal trial courts to grant leave to amend "freely . . . when justice so requires."[15] Although Rule 15(a) "evinces a bias in favor of granting leave to amend,"[16] a grant of leave "is not automatic."[17] Nonetheless, to deny a motion for leave to amend, the lower court must have a "substantial reason."[18]

As Lindsey points out, Bennett did not file a motion for leave to amend his complaint. In Bennett's penultimate paragraph of his opposition to Lindsey's motion to dismiss, he simply expressed his desire to "re-plead" in the event that the bankruptcy court was persuaded by Lindsey's motion. At the motion to dismiss hearing, after expressing doubt regarding the sufficiency of Bennett's allegations, the bankruptcy court asked Bennett to describe the substantive allegations he would add to the complaint if the court were to permit amendment. Bennett replied in conclusory fashion that the complaint's "allegations, pled as-is, meet that [Rule 9(b)] standard, but if they don't and in the eyes of the Court they don't, we would love to re-plead them so that they do." Despite several similar inquiries by the bankruptcy court, Bennett never described any substantive allegations that he would add to the complaint if so

---

[15] *Thomas*, 832 F.3d at 590 (quoting FED. R. CIV. P. 15(a)(2)).

[16] *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. V. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)).

[17] *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996) (citing *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)).

[18] *Lyn–Lea Travel Corp.*, 283 F.3d at 286 (quoting *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985)).

permitted. Moreover, in this appeal, Bennett does not explain to us how the alleged false statements that all subcontractors had been paid harmed him.

Even assuming that Bennett properly requested leave to amend, he did not file a proposed amended complaint in accordance with Local Rule 7015 for the Western District of Texas Bankruptcy Court.[19] Because federal trial courts have "considerable latitude in applying their own rules,"[20] and because Local Rule 7015 explicitly permits summary denial of relief when a movant fails to file a proposed amended complaint, we cannot say that the bankruptcy court abused its discretion in denying relief.

AFFIRMED.

---

[19] Rule 7015 states that, "[a]ny motions to amend or to supplement pleadings must attach a complete copy of the amended or supplemental pleading the movant proposes to file." If the movant fails to do so, the bankruptcy court may "den[y] . . . relief, without further hearing." W. DIST. OF TEX. BANKR. CT. LOCAL R. 7015.

[20] *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990).